UNITED STATES of America,
Plaintiff,

v.

Kerry Frank FITZGERALD, Defendant.

Crim. A. No. 22572.

United States District Court
W. D. Missouri, W. D.

Nov. 15, 1968.

William A. Kitchen, Kansas City, Mo., for plaintiff.

Henry H. Fox, Jr., Kansas City, Mo., for defendant.

MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION TO CORRECT, REDUCE AND MODIFY SENTENCE

BECKER, Chief Judge.

The defendant herein was convicted of stealing under fifty dollars in this Court and was sentenced on January 3, 1968, to a term of one year's imprisonment. Under Section 3651, Title 18, U.S.C., it was directed that three months of the sentence be served; that execution of the remainder of the sentence be suspended and that the defendant be placed on probation for a period of eighteen months to commence after service of the three months.

The Court is now in receipt of a letter dated November 4, 1968, from defendant in which he states that after service of the initial three months of his sentence, he was "discharged" on April 19, 1968. Subsequently, he was convicted of stealing under fifty dollars in a state court. Under the state conviction, he was sentenced to imprisonment for one year, a sentence which he is apparently now serving. In his letter, defendant asks this Court to order the sentence imposed in this case to run concurrently with his state sentence "due to the fact I will be confined continuously on both charges."

**361**

This Court has elected to treat defendant's letter as a motion to correct, reduce and modify his sentence. So treated the motion should be denied because the Court lacks the power to grant it. Rule 35 of the Federal Rules of Criminal Procedure provides that a court may correct an illegal sentence at any time, and that it otherwise may correct a sentence imposed in an illegal manner or reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of or having the effect of upholding, a judgment of conviction. Under the same rule, the court may reduce a sentence upon the revocation of probation as provided by law.

There was nothing illegal about the sentence which was imposed in this case, nor does defendant contend that there was. Therefore, the above-stated time limitations are binding. A motion otherwise to reduce or amend the sentence must be filed within the time period stated in the rule. United States v. Koneski (C.A. 4, 1963) 323 F.2d 862; Urry v. United States (C.A. 10, 1963) 316 F.2d 185. Otherwise, the court does not have the power to reduce sentences or to order concurrent service of sentences. Burleson v. United States (W.D. Mo., 1962) 209 F.Supp. 464; Egan v. United States (C.A. 8, 1959) 268 F.2d 820.

In accordance with Rule 35, if and when there is a motion filed herein to revoke probation, defendant will be heard thereon with regard to any matter he wishes to present to include any possible reduction of sentence which may be ordered with the granting of such motion as authorized by Rule 35.

For the foregoing reasons, it is

Ordered that defendant's motion to amend the sentence herein be, and the same is hereby, denied.