**UNITED STATES of America, Plaintiff,**

v.

**Eddie Lee McCRAW, Jr., Defendant.**

**Crim. A. No. 75–80588.**

United States District Court,
E. D. Michigan, S. D.

Sept. 30, 1976.

Philip VanDam, U. S. Atty., Detroit, Mich., for plaintiff.

Gershwin A. Drain, Detroit, Mich., for defendant.

## OPINION AND ORDER DENYING MOTION TO REDUCE SENTENCE

CORNELIA G. KENNEDY, District Judge.

On April 8, 1976 defendant pleaded guilty to a charge of possession of heroin. The Court suspended imposition of sentence and placed defendant on probation for a period of two years on July 3, 1975. Following a probation revocation hearing on March 3, 1976, the Court entered a judgment committing defendant to the custody of the Attorney General for a period of one year. Thereafter, the Court received a letter from defendant which was filed as a Motion for Reduction of Sentence and denied in an Opinion and Order entered on May 27, 1976. On August 20, 1976 defendant sent the Court another letter asking that his sentence be reduced and referring to a formal motion which his attorney was to file on his behalf; the instant Motion to Reduce Sentence was then filed by defendant's attorney on September 3, 1976.

Federal Rule of Criminal Procedure 35 provides as follows:

The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction. The court may also reduce a sentence upon revocation of probation as provided by law.

Defendant urges that, since his current sentence was imposed upon revocation of probation, the 120-day limitation on the Court's power to reduce sentence does not apply. The only case cited in support of this claim, *United States v. Fitzgerald,* 292 F.Supp. 360 (W.D.Mo. 1968) does not discuss the issue even in dictum, but merely recites the language of Rule 35 in connection with a different issue. The Notes of the Advisory Committee on the 1966 amendment to Rule 35 state only that:

The third sentence has been added to make it clear that the time limitation imposed by Rule 35 upon the reduction of a sentence does not apply to such reduction upon the revocation of probation as authorized by 18 U.S.C. § 3653.

The Court is of opinion that the third sentence of Rule 35 merely permits it to reduce a sentence—the execution of which had been suspended—upon revocation of probation, even though more than 120 days may have elapsed since the suspended sentence was imposed. In the instant case, defendant's sentence was not *reduced* upon revocation, as no custodial sentence had ever been imposed prior to the revocation hearing. Hence, the third sentence of Rule 35 has no bearing on this motion. Since the motion was not filed within the 120-day period set forth in the second sentence of Rule 35, the Court is without authority to grant the requested reduction.

Even if the Court had power to consider defendant's motion, it would nevertheless be denied. Most of the grounds raised in the instant motion were considered by the Court both at time of sentencing and in its Opinion and Order of May 27, 1976, denying defendant's earlier motion to reduce sentence. The Parole Commission's use of the "Guidelines" set forth in 28 C.F.R. § 2.20 is not a ground for reduction of sentence in this case. Defendant has propounded no reason why his sentence should be reduced and the Court is aware of none.

Accordingly, defendant's Motion to Reduce Sentence is DENIED.