**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Santiago Mario MENDOZA, Defendant-Appellant.**

No. 77–1464.

United States Court of Appeals, Fifth Circuit.

Sept. 25, 1978.

Albert A. Pena, III (Court-appointed), Corpus Christi, Tex., for defendant-appellant.

John L. Hill, Atty. Gen., Austin, Tex., J. A. Canales, U. S. Atty., Houston, Tex., James R. Gough, George A. Kelt, Jr., Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before BROWN, Chief Judge, THORN-BERRY, COLEMAN, AINSWORTH, GODBOLD, MORGAN, CLARK, RONEY, GEE, TJOFLAT, HILL, FAY, RUBIN and VANCE, Circuit Judges.*

PER CURIAM:

Rule 35 of the Federal Rules of Criminal Procedure provides, in part, that:

The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal

.   .   .   .

In this case, the district court concluded that it lacked jurisdiction to consider the merits of a timely filed motion for reduced sentence because it had not ruled on the motion within 120 days of the issuance of a mandate affirming defendant's narcotics conviction. A panel of this Court reversed, holding the district court should have retained jurisdiction of the motion for a sufficient time after the expiration of the 120 day period to pass on it. *United States v. Mendoza*, 565 F.2d 1285 (5th Cir. 1978).

This Court took the case en banc for consideration of a 60 day rule announced in the panel opinion.

---

* Judge Goldberg did not participate in this en banc decision.

In the exercise of the supervisory powers over the district courts inherent in federal courts of appeals, . . . we hold that when a sentence reduction motion is filed on or before the *60th day* after sentencing or affirmance of the conviction on appeal, a district court which fails to rule on the motion within the 120 day period specified in the rule retains jurisdiction to decide the motion for a reasonable time beyond that period. The 60 day rule adopted here should provide ample time for the defendant to frame and file his motion, and the remaining 60 days should be more than sufficient to allow the district court to consider and pass on that motion.

565 F.2d at 1292 (emphasis in original) (citations and footnote omitted). The panel decision noted that except in cases of special or exceptional circumstances, the district court would not retain jurisdiction beyond 120 days to consider motions filed after 60 days.

Inasmuch as the motion in the case at bar was filed within the 60 day period, the panel reversed the district court's order that had denied the defendant's motion because of a lack of jurisdiction, and remanded for consideration of the motion on the merits. *Id.* at 1292–1293.

The en banc court unanimously agrees with the decision that the district court should have retained jurisdiction to pass on the motion for a reasonable time after the 120 day period. To not delay the proceedings in the trial court, the en banc court had immediately entered an order reversing and remanding the case, to be followed by an opinion.

The Judgment of the district court is reversed and the case remanded with instructions that the district court consider appellant's Rule 35 sentence reduction motion. The opinion of the en banc court will follow.

581 F.2d 88 (5th Cir., April 6, 1978) (en banc).

With the exception of Judges Goldberg and Morgan, the judges of the en banc court agree that this Court should not, under its supervisory power, establish the 60 day rule articulated in the panel opinion. This Court therefore disavows that portion of the panel opinion. Judges Goldberg and Morgan would adhere to the panel opinion as written for the reasons therein stated.

We adopt, as the opinion of the en banc court, all of Judge Goldberg's well-reasoned and well-supported panel opinion with the exception of part IV and the Conclusion thereof, 565 F.2d at 1291–1293. Judge Wyzanski's well-written concurring opinion, *id.* at 1293–1295, furnishes additional support for the principle that a district court does not lose jurisdiction of a timely filed Rule 35 motion just because it has not ruled on it within the 120 day period.

We refuse to adopt under an asserted supervisory power any arbitrary time short of the 120 day period within which a motion must be filed to gain post-120 day consideration. We hold that if a motion to reduce sentence is properly filed within the 120 days required by the statute, the district court retains jurisdiction for a reasonable time after the expiration of 120 days in those rare circumstances in which it is unable to decide the motion within the 120 day period. This decision comports with the interpretation of Rule 35 adopted by the other circuits which appear to have addressed the issue. *See* the cases and commentators cited in the panel opinion, *id.* at 1288.

There is a division on this Court as to the precedential authority of a panel opinion which reaches a filing at the outer limits of 120 days, when the panel had before it only a motion filed within 50 days. We need not address the question, however, as to whether the panel could devise such a rule as announced by the panel opinion here through court decision that would bind another panel under the policy that one panel will not decide a case contrary to a prior panel decision. It is sufficient for this day that the en banc court rejects the panel 60 day rule and premises the reversal of the district court's order on the proposition that, having been filed within the 120 days provided by the rule, the motion may be

considered by the district court and ruled upon after the expiration of the 120 day period.

The mandate has previously issued by which this case was

REVERSED AND REMANDED.