GOVERNMENT OF THE VIRGIN ISLANDS

v.

BEAUMONT GEREAU, ISHMAEL LA BEET, WARREN BALLENTINE, MERAL SMITH, RAPHAEL JOSEPH,

BEAUMONT GEREAU, Appellant in No. 78-1384

WARREN BALLENTINE, Appellant in No. 78-1385

United States Court of Appeals

Third Circuit

Argued May 16, 1979

Filed July 20, 1979

604

WILLIAM M. KUNSTLER, ESQ., New York, N.Y., *for appellant in No. 78-1384*

MARGARET L. RATNER, ESQ., New York, N.Y., *for appellant in No. 78-1385*

SAMUEL A. ALIOTO, JR., ESQ., Newark, N.J., *for appellee*

Before ROSENN, HUNTER & HIGGINBOTHAM, *Circuit Judges*

OPINION OF THE COURT

## PER CURIAM

We review here the denial of the motions filed under Rule 35 of the Federal Rules of Criminal Procedure by Beaumont Gereau and Warren Ballentine for reduction of sentence. We will conclude that the court below had jurisdiction to decide these motions and that the court below acted within its discretion in denying these motions. Therefore, we will affirm.

## I. PROCEDURAL HISTORY

On August 13, 1973 appellants, along with three other co-defendants, were convicted of eight counts of first degree murder, four counts of first degree assault and two counts of robbery. On that same day, the district judge sentenced each of the defendants to eight consecutive life terms of imprisonment on the murder counts and four fifteen year terms of imprisonment on the other counts to be served concurrently with the sentences on the murder counts. Two days later, the defendants filed a motion under Federal Rule of Criminal Procedure 33 for a new trial. This motion was subsequently denied.

This court affirmed the convictions, but remanded for further proceedings with respect to the new trial motion. See Government of the Virgin Islands v. Gereau, 11 V.I.

265, 502 F.2d 914 (3rd Cir. 1974) (Gereau I). The Supreme Court denied certiorari on January 27, 1975. 420 U.S. 909 (1975) (the 1975 denial). Upon remand, the new trial motion was again denied and we affirmed that denial. See Government of the Virgin Islands v. Gereau, 12 V.I. 213, 523 F.2d 140 (3rd Cir. 1975) (Gereau II). The Supreme Court denied certiorari on February 23, 1976. 424 U.S. 917 (1976) (the 1976 denial).

On December 30, 1975, the district court docketed a letter from one of the defendants, Meral Smith, requesting a reduction of sentence. On April 12, 1976, the court entered an order stating that this letter would be treated as a motion for reduction of sentence under Rule 35, but suggesting that formal motions be filed by all local attorneys of record. That the court considered the letter as a motion on behalf of all the co-defendants is made clear in a letter of record dated January 7, 1976 from the district court to the Virgin Islands Department of Probation and Parole in which the court stated:

You will learn from the attached copies of correspondence between Meral X (Smith) and myself that he has applied for a reduction of sentence. You will also note that I am treating this as formal motion [sic] under Rule 35. Since all of the defendants were tried together as a group and sentenced on the same occasion with identical sentences, I feel that I should treat this motion on behalf of all five defendants. Therefore, will you please make arrangements to furnish the court presentence reports on all five defendants of the Fountain Valley murder case.

Formal motions on behalf of appellants were filed in June, 1976. The exact date of these motions is not clear from the record. For the reasons discussed later, we do not deem this date crucial.

The district court denied the motions of all defendants in a Memorandum Opinion and Order issued February 9, 1978.

## II. Jurisdiction

█ The initial question we must face is whether the court below had jurisdiction to hear the Rule 35 motions. More specifically, we must determine whether the motions were filed in timely fashion.

Rule 35 provides:

The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction. The court may also reduce a sentence upon revocation of probation as provided by law.

The time limits prescribed in Rule 35 are jurisdictional and cannot be extended by order of the court. See U.S. v. Robinson, 361 U.S. 220 (1960); U.S. v. Robinson, 457 F.2d 1319 (3rd Cir. 1972); U.S. v. Dansker, 581 F.2d 69 (3rd Cir. 1978).

In this case, the motions would be timely if the 120 day period were measured from the 1975 denial of certiorari. The issue thus becomes whether the 120 days should be counted from that denial or from the 1976 denial of certiorari.

The government asserts that the time must be counted from the 1975 denial and cites this court's decision in U.S. v. Dansker, 581 F.2d 69 (3rd Cir. 1978). Because the facts there are somewhat similar to those here and because the court's reasoning in that case is enlightening, we will use Dansker as our point of departure.[1]

---

[1] In the only other case we have found dealing with the effect of a new trial motion on the time period for filing a Rule 35 motion, it was held that the 120 day period for filing the Rule 35 motion was from the denial of certiorari with respect to the direct appeal not from the denial of certio-

On the direct appeal in Dansker, the defendants had alleged that the government had refused to supply defense counsel with certain exculpatory material in violation of the rule of Brady v. Maryland, 373 U.S. 83 (1963). Because this argument had not been raised below, the court decided that it would be inappropriate to decide the issue and stated that it "should be first presented to the district court on an appropriate Rule 33, Fed. R. Crim. Proc., motion." U.S. v. Dansker, 537 F.2d 40 (1976). The court affirmed certain convictions and vacated others. The Supreme Court denied certiorari on January 10, 1977. 429 U.S. 1038 (1977). After this denial, the defendants filed a motion for a new trial on the basis of the Brady claim. This motion was denied and we affirmed that denial. U.S. v. Dansker, 565 F.2d 1262 (3d Cir. 1977). The mandate of this court was received by the district court on October 28, 1977. A petition for a writ of certiorari was dismissed on January 24, 1978. 434 U.S. 1052 (1978). On January 25, 1978, one of the defendants filed a motion to reduce sentence under Rule 35. The court below held that it was without jurisdiction to hear the Rule 35 motion. U.S. v. Diaco, 448 F.Supp. 978 (D.N.J. 1978). We affirmed. Crucial to our analysis was that the new trial motion was made subsequent to the denial of certiorari on the *direct* appeal. Judge Aldisert, writing for the court, stated:

We perceive neither a jurisprudential nor a prudential basis to confuse a direct appeal from final judgment, specifically delineated in Rule 35, with an appeal of a collateral issue contained in a motion for a new trial filed *after* appellate review affirming the final judgment.

Rule 33, governing motions for new trials, provides in relevant part:

---

rari with respect to the new trial motion. U.S. v. Reeves, 40 F.R.D. 93 (S.D. N.Y. 1966). The new trial motion there was filed shortly before the initial denial of certiorari and was denied by the district court soon after that denial.

A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case. A motion for a new trial based on any other grounds shall be made within 7 days after verdict or finding of guilty or within such further time as the court may fix during the 7-day period.

Thus, the clear language of the rule describes two types of motions for a new trial: one that may be made "after verdict or finding of guilty" and before final judgment; the other, after final judgment. Because Diaco's new trial motion, of necessity, belonged in the latter category, it is conceptually impossible to equate the final judgment with the ultimate judicial disposition of a new trial motion that was first filed after final judgment. They are two separate ingredients in the procedural view.

The jurisprudential analysis aside, we are persuaded that to accept appellant's interpretation is to stand the time restraint of Rule 35 on its head. To accept this contention would be to approve a procedure whereby any defendant, within two years of final judgment, could make a Rule 33 new trial motion bottomed on allegations of newly discovered evidence. He or she would then have an additional 120 days after final review of the decision on the new trial motion to file a Rule 35 sentence reduction motion. Given the delays of district court hearings and appellate review, the 120-day limitation could be stretched to many years.

Dansker, supra, 581 F.2d at 73 (emphasis in original).

In the instant case, unlike Dansker, the new trial motion was not filed after final judgment. It was filed two days after conviction. It was not a motion based on the ground of newly discovered evidence as in Dansker which could be filed up to two years after final judgment. It was a motion based on the ground that the jury had been subject to improper pressures and therefore could not have been made more than 7 days after the verdict. Thus holding appellants' motion here to be timely filed does not open the door that we closed in Dansker to Rule 35 motions being made on the basis of new trial motions filed two years after judgment.

609

The court in Dansker recognized that "if a motion for new trial had been made on the basis of the Brady claim *before* the direct appeal, denial of the motion would have been reviewed as an issue properly a part of the direct appeal." Dansker, 581 F.2d at 72. That was exactly the situation here. The denial of the new trial motion was considered on the direct appeal. We determined that further findings on the new trial motion issue were needed and, therefore, we affirmed the judgment of the District Court *"subject to the District Court's ruling, on remand, on the defendants' motion for new trial."* Gereau I, 11 V.I. at 307, 502 F.2d at 937 (emphasis supplied). Thus the proceedings with respect to the new trial motion were so integral a part of appellants' direct appeal that the affirmance of the judgments on direct appeal was explicitly made *"subject to"* the outcome of the Rule 33 proceedings.

■ In these circumstances, we hold that the Supreme Court's 1976 denial of certiorari was, in the language of Rule 35, an "order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction." Therefore, we will consider the Rule 35 motion to be timely if it was filed within 120 days of this denial of certiorari. Our holding here encompasses only those situations in which the denial of a new trial motion is considered as part of the direct appeal. We express no view as to what constitutes a timely filing of a Rule 35 motion in situations other than those addressed here or in Dansker.

■■ Some question exists as to whether the motions here were even filed within 120 days of the second denial of certiorari. The docket sheet gives no date for the motions. The docket entry for the motions is immediately after a June 29, 1976 entry, but immediately prior to a June 21, 1976 entry. The 120 day period ended on June 22, 1976. The motions themselves bear no stamp or other sign from

610

the district court indicating the date of their filing.[2] Ordinarily, it might be necessary to remand for an evidentiary hearing to determine the actual date of filing. We deem it unnecessary, however, to order such a remand here. The district court in its order of April 12, 1976, stated that it would consider Smith's letter as a motion to reduce sentence on behalf of all co-defendants and only *suggested* that counsel file formal motions. Even if we assume without deciding that it was improper for the district court to consider a request for a reduction of sentence by one defendant as a Rule 35 motion on behalf of all defendants, and that the formal motions were filed several days beyond the 120 day limit, we would consider the motions to be timely. It would be improper to penalize defendants for their counsel's failure to file within the 120 day limit when the court explicitly stated on April 12, 1976 that the motions would be considered as if filed by all defendants, and when counsel seasonably responded to the court's request for formal motions. It is well-established that failure to meet filing deadlines may be excused in certain "unique circumstances" where the failure is in reliance on an affirmative statement by the court. See Thompson v. Immigration & Naturalization Service, 375 U.S. 384 (1964), Harris Truck Lines v. Cherry Meat Packers, 371 U.S. 215 (1962). See also Merrill-Natural Laboratories Inc., 597 F.2d 786 (3d Cir. 1978) (This principle is recognized, but held not to apply primarily because only the loss of the right to appeal an interlocutory order was involved). In Warren v. U.S., 358 F.2d 527 (D.C. Cir. 1965), it was held that, although the time for filing a Rule 35 motion could not be extended on the basis of excusable neglect, the court had jurisdiction

---

[2] Rule 35 speaks in terms of the court's action being taken within 120 days, but it is well established that, once a timely motion is filed, the district court may retain jurisdiction for a reasonable amount of time to decide the motion. See, U.S. v. Mendoza, 581 F.2d 89 (5th Cir. 1978) (per curiam; in banc); U.S. v. Stollings, 516 F.2d 1287 (4th Cir. 1975).

where such a motion was filed late as a result of a representation in a letter from the United States Attorney to defendant's counsel that the court of appeals mandate was received by the district court on a date 20 days after the actual receipt. Thus where a defendant or his counsel is affirmatively misled by some government authority as to the date by which a Rule 35 motion must be filed (even though the government authority acted in complete good faith), a late filing will not deprive the court of jurisdiction to decide the motion. Therefore we conclude that the court below had jurisdiction to rule on the appellants' request for a reduction of sentence.

### III. The Merits of the Rule 35 Motion

In addition to a general plea for leniency, the following grounds are alleged by appellants for reducing their sentences:

1. That prejudicial publicity surrounding their trial including other well-publicized murders during the trial made it impossible to impose "fair, dispassionate and non-mechanistic sentences." Appellants' Motion, Appendix C.

2. That the sentencing of appellants without the benefit of probation reports was prejudicial in that the extent of the prior criminal records of the defendants varied widely.

3. That all defendants received the same sentence despite evidence at trial of varying degrees of culpability.

4. That appellants have improperly been incarcerated in federal penitentiaries on the U.S. mainland.

5. That appellants have been subject to solitary confinement and appellant Gereau has suffered severe beatings.

In deciding these motions, at the suggestion of appellants, the district court considered prison progress reports on the appellants. The court discussed each defendant's motion separately.[3] With respect to appellant Gereau, the

---

[3] Appellants argue that the district court erred in not holding a hearing before deciding the motions. The decision as to whether to hold a hearing on a Rule 35 motion is committed to the discretion of the district court. See,

court concluded that the crimes of which he was convicted were such that even exemplary prison conduct would not warrant reduction of sentence. The court noted, however, that his prison progress report indicated that his conduct has been less than exemplary. The court also rejected the contention that Gereau was less culpable than were his co-defendants.

With respect to appellant Ballentine, the court noted that his prior criminal record was substantial and that his prison progress reports do not indicate significant progress toward rehabilitation. The court concluded, "The severity of the sentence imposed is no greater than that of the crimes committed by movant." Memorandum Opinion, Appellants' Appendix A.

 An appellate court's role in reviewing the denial of a motion under Rule 35 is very limited. As this court has already recognized, "It is well settled that a motion to reduce a sentence under Rule 35 F. R. Crim. P. is entrusted to the district court's discretion; its ruling will not be disturbed except for a clear abuse of discretion." U.S. v. Bickoff, 531 F.2d 182 (3rd Cir. 1976) (per curiam). Accord, U.S. v. Losing, 584 F.2d 289 (8th Cir. 1978); U.S. v. Muniz, 571 F.2d 1344 (5th Cir. 1978) (per curiam); U.S. v. Galoob, 573 F.2d 1167 (10th Cir. 1978).

 As appellants recognize, the sentences imposed do not exceed the maximum sentences allowed by law. This court has already held that the district court's decision not to await pre-sentence reports before sentencing did not constitute an abuse of discretion. Gereau I, 11 V.I. at 305, 502 F.2d at 936. Even if we were to assume that the atmosphere at trial was so emotionally charged as to prevent dispassionate sentencing, the district court has reviewed the

e.g. Rocha Sowers, 454 F.2d 1155 (9th Cir. 1972) (per curiam); U.S. v. Birnbaum, 421 F.2d 993 (2d Cir.), cert. denied, 397 U.S. 1044 (1970). The district court did not abuse its discretion in denying a hearing in the circumstances here.

sentences at a time more than four years removed from such allegedly prejudicial influences and has concluded that the admittedly severe sentences were justified by the nature and number of the crimes committed. We perceive no basis on this record from which to conclude that the district judge has, in any way, abused his discretion.[4] Therefore, the judgment of the district court will be affirmed.

---

[4] One of appellant's co-defendants Ishmail Muslim Ali (formerly Ishmael X. La Beet) has filed a habeas corpus petition contesting his transfer to a federal penitentiary outside of the Virgin Islands. Pursuant to our opinion in Ali v. Gibson, 15 V.I. 548, 572 F.2d 971 (3d Cir. 1978), proceedings with respect to this petition are before the district court. Such a complaint is not a proper ground for a Rule 35 motion. Similarly, any relief due appellants as a result of beatings or other improper conditions of confinement is available through proceedings other than those pursuant to a motion to reduce sentence.