**UNITED STATES of America**

v.

**Luvenia JOHNSON, Appellant.**

**No. 80–1725.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Sept. 19, 1980.

Decided Oct. 30, 1980.

Robert J. Cindrich, U.S. Atty., Paul J. Brysh, Asst. U.S. Atty., Pittsburgh, Pa., for appellee.

George E. Schumacher, Federal Public Defender, Thomas S. White, Asst. Federal Public Defender, Pittsburgh, Pa., for appellant.

Before ADAMS, HUNTER and HIGGINBOTHAM, Circuit Judges.

OPINION OF THE COURT

ADAMS, Circuit Judge.

The issue in this case is whether a district court has jurisdiction to entertain a motion for reduction of sentence filed within 120 days of the revocation of an offender's probation and the imposition of a prison sentence that had previously been suspended.

I. *FACTS*

Luvenia Johnson pleaded guilty on January 25, 1977 to charges of unlawful distribu-

tion of heroin in violation of 21 U.S.C. § 841(a)(1) (1976). The district court sentenced her to a three–year term of imprisonment with a special parole term of three years to follow, but then suspended all but six months of imprisonment in favor of a four–year probation term. After serving six months in the appropriate institution, Johnson was released on probation.

At a hearing held on December 27, 1979, the district court found Johnson guilty of violating her probation. The court revoked Johnson's probation and reimposed the original sentence of three years imprisonment and three years special parole. Johnson received credit for the six months served under the original sentence.

On April 25, 1980, Johnson filed a motion for reduction of sentence under Rule 35 of the Federal Rules of Criminal Procedure. On April 28, the district court denied Johnson's motion on the ground it had no jurisdiction to consider it. This appeal followed.

## II. *DISCUSSION*

Rule 35 provides that "[t]he court may reduce a sentence within 120 days after the sentence is imposed." The Rule then goes on to state that "[t]he court may also reduce a sentence upon revocation of probation as provided by law." The time limitations contained in Rule 35 have been held to be "jurisdictional and cannot, under any circumstances, be extended by order of the court." *United States v. Robinson*, 457 F.2d 1319 (3d Cir. 1972) (per curiam); *accord, Government of the Virgin Islands v. Gereau*, 603 F.2d 438, 440 (3d Cir. 1979); *cf.*

*Fallen v. United States*, 378 U.S. 139, 144, 84 S.Ct. 1689, 1692, 12 L.Ed.2d 760 (1964) (when "petitioner did all he could under the circumstances" to comply with the time limitations of a Rule of Criminal Procedure the Court should "decline to read the Rules so rigidly as to bar a determination of his appeal on the merits"). On this appeal we are asked to decide whether the imposition, upon revocation of probation, of a term of imprisonment that had been suspended when the defendant was first placed on probation triggers the 120–day period during which a court may, under Rule 35, reduce that sentence. If, in the present case, the hearing of December 27, 1979 inaugurated such a 120–day period, then Johnson's motion of April 25 was timely and should have been considered by the court.[1]

The only federal case brought to our attention that addresses the precise question raised here is *United States v. Kahane*, 527 F.2d 491 (2d Cir. 1975). Faced with a fact pattern similar in all relevant respects to the one before us, the Second Circuit concluded, without elaboration, that petitioner's motion to reduce sentence was barred by the 120–day limitation of Rule 35. For the reasons set out below, we decline to follow *Kahane*.[2]

A sentencing court has two options when it decides to place a defendant on probation. The court may either suspend entirely the imposition of sentence and place the defendant on probation, or it may impose a term of imprisonment, suspend its execution in whole or in part, and order probation.[3] A unanimous Supreme Court in *Ko-*

---

**1.** Johnson's motion was not filed until April 25, 1980, exactly 120 days after the December 27 hearing, and the district court did not rule on the motion until April 28. It is well–established, however, that if a Rule 35 motion is filed within 120 days of sentencing, the court retains jurisdiction for a reasonable time after the expiration of 120 days to decide the motion. *See Government of the Virgin Islands v. Gereau*, 603 F.2d 438, 442 n.2 (3d Cir. 1979); *United States v. Mendoza*, 581 F.2d 89 (5th Cir. 1978) (en banc); *United States v. Janiec*, 505 F.2d 983, 985 n.3, 986 (3d Cir. 1974), *cert. denied*, 420 U.S. 948, 95 S.Ct. 1331, 43 L.Ed.2d 427 (1975); 2 C. Wright, Federal Practice and Procedure (Criminal) § 587, at 573 (1969).

**2.** *See also McDaniels v. United States*, 385 A.2d 180 (D.C. 1978) (following *Kahane* in construing D.C.Super.Ct.Cr.P. 35(a), which is identical to Fed.R.Crim.P. 35(a), and which the D.C. Court of Appeals decided should be "construed in light of the interpretation given ... by the federal courts").

**3.** 18 U.S.C. § 3651 provides in pertinent part: "Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, any court ... may suspend the imposition or execution of sentence...." But a court choosing to suspend execution of sentence is not compelled to suspend execution of the entire sentence. Section 3651 further pro-

*rematsu v. United States*, 319 U.S. 432, 435, 63 S.Ct. 1124, 1126, 87 L.Ed. 1497 (1943), declared that "the difference to the probationer between imposition of sentence followed by probation ... and suspension of the imposition of sentence [followed by probation]" is not a meaningful one.[4] Because the two approaches result in no significant difference, we believe that probationers in the two situations should be treated similarly with respect to the application of Rule 35. The government concedes that when imposition of sentence is suspended entirely at the time a defendant is placed on probation, that defendant has, under Rule 35, 120 days after revocation of probation and imposition of sentence to petition for leniency. *See United States v. McCraw*, 420 F.Supp. 443, 444 (E.D. Mich. 1976). To deny a similar 120-day period to probationers for whom execution, rather than imposition, of sentence originally had been suspended would run afoul of the principle that the law should treat similarly situated persons similarly. *See, e. g., Royster Guano Co. v. Virginia*, 253 U.S. 412, 415, 40 S.Ct. 560, 561, 64 L.Ed. 989 (1920) ("all persons similarly circumstanced shall be treated alike").

In addition to securing equality of treatment, construing Rule 35 in the manner urged by defendant Johnson supplies a valuable element of flexibility to the sentencing process. The Second Circuit has pointed out that "Rule 35 is intended to give every convicted defendant a second round before the sentencing judge, and at the same time, it affords the judge an opportunity to reconsider the sentence in the light of any further information about the defendant or the case which may have been presented to him in the interim." *United States v. Ellenbogen*, 390 F.2d 537, 543 (2d

Cir.), *cert denied*, 393 U.S. 918, 89 S.Ct. 241, 21 L.Ed.2d 206 (1968). The dissent contends that the initial sentencing hearing at which a suspended sentence is imposed provides the defendant with an opportunity to request a reduction. While it is technically correct that a defendant could press a Rule 35 motion at that time, we do not believe that the original sentencing hearing invariably provides a meaningful opportunity for such a claim to be made and considered by the court. It frequently will be unrealistic for a defendant whose sentence has just been suspended to petition the court for the further relief of a reduction of that suspended sentence.

Just as significant, we doubt that sentencing judges would be very receptive to Rule 35 motions proffered at the time the execution of a term of imprisonment is suspended in whole or in part and the defendant given a term of probation. Moreover, the sentencing judge cannot know of events that might occur later and that might bear on what would constitute an appropriate term of imprisonment should the defendant violate his probation. Justice Frankfurter observed in *Roberts v. United States*, 320 U.S. 264, 64 S.Ct. 113, 88 L.Ed. 41 (1942), that probation is "an experimental device ... a reliance on the future to reveal treatment appropriate to the probationer." The sentencing judge will ordinarily not be in a position to evaluate the results of this experiment and to determine the most appropriate punishment for a defendant until the hearing to determine whether probation should be revoked. In particular, it is only with the revocation hearing that the judge is in a position to consider whether a sentence originally suspended pending probation should be reduced. The revocation

---

vides that when the imposed sentence exceeds six months, the court may direct the defendant to serve up to six months in prison and then be placed on probation. For purposes of this appeal, however, the distinction between suspending the execution of the entire sentence and suspending execution of all but six months of a sentence is of no consequence. The reasons set forth infra for believing that a probation revocation hearing does not in all cases provide an adequate opportunity for a defend-

ant to make a plea for a reduction of sentence apply equally well when the defendant has served six months in prison prior to being placed on probation as when the defendant is placed on probation immediately following conviction.

4. Indeed, the Supreme Court, in *Korematsu*, referred to the difference as "one of trifling degree." 319 U.S. at 435, 63 S.Ct. at 1126.

hearing is thus the first point at which an offender can be afforded a realistic opportunity to plead for a light sentence. If the offender is to be provided two chances with the sentencing judge, to be meaningful this second chance must occur subsequent to the revocation hearing. The hearing at which probation is revoked and sentence imposed should accordingly be regarded as initiating the 120–day period of Rule 35 during which the sentencing judge may reconsider the term of imprisonment imposed on the defendant.

While we recognize that time limitations on the filing of motions are necessary to protect the federal courts from continual importunities, there is nothing in the record of this case to suggest that regarding a probation revocation hearing as inaugurating the 120–day period of Rule 35 would significantly increase the workload of the federal court. On the other hand, we believe that allowing liberality in the filing of a Rule 35 motion in such circumstances holds better promise for progress toward the goal of more equitable sentencing than does a rule that compels motions for reduction of sentence to be made at the time probation is cancelled.

The hearing at which probation is revoked does not constitute a fully satisfactory forum for consideration of requests for leniency. As experienced lawyers in the criminal field would surely attest, the probationer, his counsel, and the presiding judge are likely to focus their attention and energies at such a hearing on the determination whether the terms of the probation have been violated. The question of the proper sentence to impose should a violation be found to exist will, in most cases, receive comparatively scant attention.

Former Judge Marvin Frankel, in a work offering a comprehensive analysis of sentencing procedures, has complained that the process of deciding on a suitable sentence is too often neither reflective nor orderly.[5] These observations are especially pertinent when the presiding judge is called upon not merely to decide on the proper sentence but to ascertain as a preliminary matter whether the terms of a probation have been violated. We believe Rule 35 is best construed to allow the sentencing judge time after the revocation hearing to reflect on whether the term of imprisonment imposed is appropriate and just.[6]

The government maintains, however, that the language of Rule 35 precludes the interpretation we adopt today. It points out that the Rule mentions the 120–day period in connection with the imposition of sentence, but omits mention in connection with the revocation of probation. From this omission, the government concludes that there is, following a revocation of probation, no 120–day period during which a motion to reduce sentence may be entertained by a court.

Although this construction of Rule 35 is plausible, we are not persuaded to accept it. In the first place, the government's interpretation would preclude affording the 120–day period to *all* offenders who had been placed on probation–those for whom imposition of sentence had originally been suspended as well as those for whom execution of an imposed sentence was suspended. But, as we observed earlier, the 120–day period of Rule 35 is recognized to apply to offenders in the former category, and the government concedes as much in its brief.

The legislative history of Rule 35, moreover, casts doubt on whether the issue before us can be disposed of solely by reference to the literal language of the Rule. Before 1966, Rule 35 contained no provision

---

**5.** M. Frankel, Criminal Sentences 36–38 *passim* (1973).

**6.** The revocation hearing does not seem to be a particularly apt occasion for the defendant to assert effectively a request for a light sentence. Defendants and their counsel will generally attempt at this hearing to convince the Court that probation should not be revoked. It is somewhat unrealistic to expect a defendant to argue, on the one hand, that a violation of the terms of probation has not occurred, but, on the other hand, if probation is found to have been violated, the nature of the violation and the conduct of the defendant prior to the violation are such that only a relatively light sentence should be imposed.

concerning the power of a sentencing court to reduce, upon revocation of probation, a term of imprisonment that had earlier been imposed but whose execution had been suspended pending the probationary period. As a result, the rule was open to the interpretation that the court had no such power if the revocation occurred more than 120 days after imposition of the suspended sentence. In 1966, Rule 35 was amended to specify that "[t]he court may also reduce a sentence upon revocation of probation as provided by law." The Notes of the Advisory Committee on the 1966 Amendment state that this proviso "has been added to make it clear that the time limitation imposed by Rule 35 upon the reduction of a sentence does not apply to such reduction upon the revocation of probation as authorized by 18 U.S.C. § 3653." The last sentence of Rule 35 thus "permits [the court] to reduce a sentence–the execution of which had been suspended–upon revocation of probation, even though more than 120 days may have elapsed since the suspended sentence was imposed." *United States v. McCraw*, 420 F.Supp. 443, 444 (E.D.Mich. 1976).

There is nothing in the history of the addition of this last clause to suggest, however, how long after revocation a defendant should have to request a sentence reduction. In particular, there is no indication that the lack of reference to the 120–day period specified earlier in the Rule was intended to preclude application of that period to motions filed by offenders whose probation has been revoked. We find neither the language of the Rule nor the history of the 1966 Amendment inconsistent with our conclusion that both the goal of equal treatment for similarly circumstanced offenders and the general policies of Rule 35 would best be served by construing the Rule to allow offenders 120 days following revocation of probation and reimposition of a previously suspended sentence to petition for a reduction of their term of imprisonment.[7]

7. Contrary to the assertion of the dissent, we do not find that the history of the 1966 Amendment requires the 120–day limit of Rule 35 to run from the probation revocation hearing.

## III. CONCLUSION

Because Johnson's motion for a reduction of sentence was filed within 120 days of the hearing at which her probation was revoked and her previously suspended sentence reimposed, the order of the district court dismissing her motion as untimely should be vacated, and the case remanded for consideration of the merits of Johnson's motion.

JAMES HUNTER, III, Circuit Judge, dissenting.

Appellant Johnson, convicted for distribution of heroin, was sentenced to three years imprisonment followed by three years statutory parole. Pursuant to 18 U.S.C. § 3651 (1976), she served six months in jail, had the balance of the sentence suspended and was placed on probation for five years. Twenty–two months into the course of her probation she was found in violation of probation, again for possession of heroin, and the district court reimposed the remaining two and one–half years of the original sentence followed by three years statutory parole. Within 120 days after the district court reimposed the balance of the original sentence, she filed a Rule 35 motion for reduction of sentence. The district court dismissed the motion for lack of jurisdiction stating that the 120 day time limit for Rule 35 motions commenced with the imposition of the original sentence not with the reimposition of the balance of the sentence, hence the 120 day time limit had expired. The majority reverses the lower court and grants jurisdiction over appellant's Rule 35 motion. I respectfully dissent.

The majority advances three reasons for having the 120 day limit of Rule 35 run from the reimposition of the original sentence upon the revocation of probation. Initially, the majority claims a sentencing court has two options when it decides to place a defendant on probation; to wit, "suspend entirely the imposition of the sen-

We find only that the history and language are not dispositive of the issue, and are not at odds with the interpretation of Rule 35 we adopt today.

tence and place the defendant on probation or it may impose a term of imprisonment, suspend its execution, and order probation." (Majority opinion: page 95). The majority takes the position that the difference between these two options is "one of trifling degree." Since it is well settled that the 120 day limit of Rule 35 commences from the imposition of sentence when made for the first time pursuant to a probation violation, the majority asserts the limit should also attach to our situation as well—when the sentence was imposed followed by probation and then reimposed pursuant to a probation violation.

There are two problems with this analysis. One, the two probation alternatives stated by the majority are not the sole options that faced the sentencing court in our situation.[1] When a sentencing judge decides to place a defendant on some form of probation, 18 U.S.C. § 3651 outlines two methods.[2]

The first option, as the majority points out correctly, is to suspend the sentence entirely and place the defendant on probation. The second option, is to impose the sentence on defendant, have defendant serve up to six months of that sentence, as Ms. Johnson did here, and then place the defendant on probation.

The second problem is that the difference between the two actual options is not "one of trifling degree", but rather a legitimate basis for disparate treatment. I agree that where sentence is initially suspended entirely and then only imposed upon a subsequent probation violation the defendant should be allowed to apply for reduction of the sentence within the 120 days of Rule 35. But that is not our case. Indeed, at sentencing, Johnson was put on notice as to the finite term of the sentence imposed—three years imprisonment, three years statutory parole. If she felt the punishment too harsh she should have made a Rule 35 motion at that time. Unlike the defendant on probation whose sentence was never imposed, the appellant knew the duration of her time. She has experienced the opprobrium of the judi-

1. As the majority points out, 18 U.S.C. § 3651 also allows the sentencing court to impose a sentence and then suspend the execution of the sentence entirely. This option is not presented by the facts below however.

2. The complete text of 18 U.S.C. § 3651 reads:

Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, any court having jurisdiction to try offenses against the United States when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best.

Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, if the maximum punishment provided for such offense is more than six months, any court having jurisdiction to try offenses against the United States, when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may impose a sentence in excess of six months and provide that the defendant be confined in a jail–type institution or a treatment institution for a period not exceeding six months and that the execution of the remainder of the sentence be suspended and the defendant placed on pro-

bation for such period and upon such terms and conditions as the court deems best.

Probation may be granted whether the offense is punishable by fine or imprisonment or both. If an offense is punishable by both fine and imprisonment, the court may impose a fine and place the defendant on probation as to imprisonment. Probation may be limited to one or more counts or indictments, but, in the absence of express limitation, shall extend to the entire sentence and judgment.

The court may revoke or modify any condition of probation, or may change the period of probation.

The period of probation, together with any extension thereof, shall not exceed five years.

While on probation and among the conditions thereof, the defendant–

May be required to pay a fine in one or several sums; and

May be required to make restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had; and

May be required to provide for the support of any persons, for whose support he is legally responsible.

The defendant's liability for any fine or other punishment imposed as to which probation is granted, shall be fully discharged by the fulfillment of the terms and conditions of probation.

cial authority and she should apply for a sentence reduction at that time. In addition such a requirement of timely filing advances the goal of establishing an eventual limit to the potential for amendment of sentence. As this court stated in *United States v. Dansker*, 581 F.2d 69 (3d Cir. 1978) " 'some limitation is necessary to protect the district court from continual importunities while the defendant is serving his sentence.' " *Id.* at 73 (quoting *United States v. United States District Court*, 509 F.2d 1352, 1356 n.6 (9th Cir.), *cert. denied sub nom., Rosselli v. United States*, 421 U.S. 962, 95 S.Ct. 1949, 44 L.Ed.2d 448 (1975). Simply, there has to be an end to when a sentence can be modified.

The second rationale advanced by the majority hinges on the requirement that "Rule 35 is intended to give every convicted defendant a second round before the sentencing judge." (Majority opinion: page 96). Supposedly Ms. Johnson will be denied round two if she is not permitted this additional forum to address her Rule 35 motion.

I respectfully disagree. Ms. Johnson's initial sentencing hearing—where the three years imprisonment, three years statutory parole sentence was imposed—constituted round one. Round two occurred at the hearing on the parole violation. There Ms. Johnson was given a chance to argue whether a violation actually occurred. If a violation was found she was permitted to address the harshness of the original sentence as well. Title 18, section 3653, concerning the arrest of a probationer, states in pertinent part: [3]

As speedily as possible after arrest the probationer shall be taken before the court for the district having jurisdiction over him. *Thereupon the court may revoke the probation and require him to serve the sentence imposed, or any lesser sentence*, and if imposition of the sentence was suspended, may impose any sentence which might originally have been imposed. 18 U.S.C. § 3653 (1976) (Emphasis supplied).

This statute allows the appellant a second forum. The sentencing judge at the probation revocation hearing is not constrained to

**3.** The complete text of 18 U.S.C. § 3653 reads:

When directed by the court, the probation officer shall report to the court, with a statement of the conduct of the probationer while on probation. The court may thereupon discharge the probationer from further supervision and may terminate the proceedings against him, or may extend the probation, as shall seem advisable.

Whenever during the period of his probation, a probationer heretofore or hereafter placed on probation, goes from the district in which he is being supervised to another district, jurisdiction over him may be transferred, in the discretion of the court, from the court for the district from which he goes to the court for the other district, with the concurrence of the latter court. Thereupon the court for the district to which jurisdiction is transferred shall have all power with respect to the probationer that was previously possessed by the court for the district from which the transfer is made, except that the period of probation shall not be changed without the consent of the sentencing court. This process under the same conditions may be repeated whenever during the period of his probation the probationer goes from the district in which he is being supervised to another district.

At any time within the probation period, the probation officer may for cause arrest the probationer wherever found, without a warrant.

At any time within the probation period, or within the maximum probation period permitted by section 3651 of this title, the court for the district in which the probationer is being supervised or if he is no longer under supervision, the court for the district in which he was last under supervision, may issue a warrant for his arrest for violation of probation occurring during the probation period. Such warrant may be executed in any district by the probation officer or the United States marshal of the district in which the warrant was issued or of any district in which the probationer is found. If the probationer shall be arrested in any district other than that in which he was last supervised, he shall be returned to the district in which the warrant was issued, unless jurisdiction over him is transferred as above provided to the district in which he is found, and in that case he shall be detained pending further proceedings in such district.

As speedily as possible after arrest the probationer shall be taken before the court for the district having jurisdiction over him. Thereupon the court may revoke the probation and require him to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed.

reimpose the original sentence. He has, as section 3653 indicates, full latitude in sentencing. Section 3653 contemplates a flexible procedure whereby the sentencing judge can modify the original judgment in light of recent events: the seriousness of the probation infraction, or the present rehabilitation of the defendant. This constitutes the second forum the majority asserts is mandated by Rule 35.

Finally, the majority asserts that the 1966 amendments to the Rule, specifically the Advisory Committee Notes, require that the 120 day time of Rule 35 be attached to motions made after a probation violation. To me the Rule lacks clarity and the majority's construction of the text and the notes gives the rule a construction to which I cannot subscribe.

The 1966 amendments to Rule 35 added a third sentence: "The court may also reduce a sentence upon revocation of probation as provided by law." This amendment was treated by the Advisory Committee Notes: "The third sentence has been added to make it clear that the time limitation imposed by Rule 35 upon the reduction of a sentence does not apply to such reduction upon the revocation of probation as authorized by 18 U.S.C. § 3653." By the majority's construction this passage requires the 120 day limit of Rule 35 to run from the probation violation hearing.

My construction would cut the other way. The Advisory Committee Notes state specifically that the intent of the third sentence of Rule 35 was that the time limitations should not apply to actions authorized by 18 U.S.C. § 3653. To me this is the thrust of Rule 35. Any Rule 35 motions made upon the reimposition of sentence after a probation hearing must be raised at the hearing or not at all. This construction, in my view, squares completely with the discretion afforded the sentencing judge by section 3653.

For the reasons stated above I would affirm the district court's dismissal of this action.