### UNITED STATES of America

v.

### Dominick J. MARIANO, a/k/a Beans a/k/a Nick Beans, Appellant.

### Nos. 80–2047, 80–2150.

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit Rule 12(6) Feb. 26, 1981.

Decided May 1, 1981.

Timothy J. P. Quinlan, Quinlan, Dunne & Kelley, Cherry Hill, N. J., for appellant.

William W. Robertson, U. S. Atty., Newark, N. J., for appellee; Maryanne Trump Desmond, Chief, Appeals Division, Asst. U. S. Atty., Newark, N. J., on brief.

Before ADAMS, ROSENN and HUNTER, Circuit Judges.

### OPINION OF THE COURT

ADAMS, Circuit Judge.

This appeal from the denial of a motion for reconsideration of sentence raises two issues: whether the district court had jurisdiction to entertain the motion, and, if so, whether the court abused its discretion in declining to reduce petitioner's sentence.

I.

In January 1978, a jury convicted Dominic Mariano of mail fraud and of theft and possession of an interstate shipment of freight. On February 3, 1978, the district

court sentenced Mariano to a prison term of five years, but stayed execution of the sentence pending Mariano's participation in the Federal Secret Witness Program. Mariano did not petition the district court, under Rule 35 of the Federal Rules of Criminal Procedure, for a reduction of sentence.[1] Mariano did, however, file a timely notice of appeal to this Court.

On appeal, Mariano elected not to challenge the length of his sentence; instead he attacked his conviction on the merits. We affirmed the judgment of conviction against Mariano, see 601 F.2d 577 (3d Cir. 1979), and the district court received the order of affirmance on July 9, 1979.

During the course of the appeal from his first group of convictions, a second and distinct federal indictment against Mariano for mail fraud was running its course. After pleading guilty to three counts of this second indictment, Mariano was sentenced on March 19, 1980 to three concurrent terms of five years each.

On April 11, 1980, Mariano filed in the district court a motion under Rule 35 seeking reduction of the sentences imposed in connection with each of the two sets of convictions. The district court denied the motion. Mariano then filed the present appeal, claiming that the district court abused its discretion in declining to amend the sentences.

## II.

Before reaching the merits of the present appeal, we must consider the jurisdictional basis that Rule 35 confers on federal district courts for sentence reconsideration. Rule 35 stipulates that the court may reduce sentence "within 120 days after the sentence is imposed or within 120 days after receipt by the [sentencing] court of a mandate issued upon affirmance of the judgment."

With respect to the sentence imposed on Mariano on March 19, 1980, the district court undoubtedly had jurisdiction to entertain the Rule 35 motion filed April 11, 1980, since the motion was filed well within the 120-day period. Less clear, however, is whether the district court had jurisdiction to consider a Rule 35 motion with regard to the sentence earlier imposed on Mariano on February 3, 1978. A literal reading of Rule 35 suggests that Mariano had 120 days from July 9, 1979, the day on which the district court received the mandate from this Court, to appeal to the leniency of the district court for reduction of his first sentence. Mariano did not file his consolidated motion for reconsideration until April 11, 1980, approximately five months after the 120-day period would appear to have lapsed. The jurisdictional issue presented is whether the sentencing court may entertain a Rule 35 motion made more than 120 days after receipt of the mandate of affirmance, where a sentence has been imposed but remains unexecuted pending the defendant's participation in the Secret Witness Program.

Courts generally have adopted a strict reading of Rule 35, see *United States v. Lanier*, 604 F.2d 1157 (8th Cir. 1979); *United States v. Kemner*, 578 F.2d 1165 (5th Cir. 1978), considering the 120 day limit as jurisdictional. Nonetheless, occasional departures from a narrow construction of the time constraints set forth in Rule 35 are justified. In *United States v. Johnson*, 634 F.2d 94 (3d Cir. 1980), for example, we held that a defendant whose sentence was suspended in favor of probation had 120 days after revocation of probation to appeal to the sentencing court for leniency, even though the revocation might have occurred more than 120 days after the original imposition of sentence. In so holding, we recognized that a probationer has little incentive

---

**1.** Rule 35 provides:

Correction or Reduction of Sentence.

The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction. The court may also reduce a sentence upon revocation of probation as provided—by law.

to ask for reduction of a prison term unless and until his probation is revoked.[2]

*Johnson* does not govern the present controversy, however. Probation had no part in Mariano's sentence; instead, execution of Mariano's prison sentence was stayed pending his participation in the Federal Secret Witness Program. While one who is placed on probation can expect to avoid prison indefinitely, so long as his behavior does not violate the terms of his probation, a stay of execution pending participation in the Secret Witness Program does not necessarily connote indefinite freedom from incarceration. Nothing in the record before us suggests that participation in the program was offered to Mariano as a substitute for all or part of the prison term to which he had been sentenced, although participation would obviously defer the date of incarceration. Unlike the petitioner in *Johnson*, Mariano had an incentive to challenge the severity of his prison sentence at the time its execution was stayed, since his incarceration was merely delayed rather than made contingent on his future conduct. Mariano thus could reasonably be expected to pursue a plea for sentence reduction under Rule 35 when the sentence was imposed but execution stayed, or within 120 days thereafter. With respect to the first sentence, then, Mariano's petition for leniency was untimely.[3]

Because the motion for leniency was timely with respect to the concurrent prison terms imposed on March 19, 1980, we proceed to consider whether the district court abused its discretion in declining to reduce this sentence. Mariano bears a heavy burden in challenging the district court's ruling, for the district court's decision on a Rule 35 motion may be upset only when there has been a "clear abuse of discretion." *Government of the Virgin Islands v. Gereau*, 603 F.2d 438, 443 (3d Cir. 1979) (per curiam); *accord, United States v. Bickoff*, 581 F.2d 182 (3d Cir. 1976) (per curiam).

Mariano provides us no basis for concluding that the district court abused its discretion in declining to reduce the sentence imposed on March 19, 1980. While the arguments Mariano offers might assist a sentencing court called upon to decide a Rule 35 motion in the first instance, they do not persuade us, as an appellate tribunal, that the district court abused its discretion.[4] Mariano suggests, for example, that he has already endured many personal sacrifices in connection with his participation in the Federal Secret Witness Program, and that the district court should have revised his sentence in light of these hardships. Mariano does not contend, however, that the district court failed to take this factor into account.

Mariano also asserts that he falls within the rule of *United States v. Garcia*, 544 F.2d 681, 682 (3d Cir. 1976), where we stated: "A court may properly invoke its power to grant lenity to those who, having admitted transgressions against the sovereign, thereafter assist the sovereign in improving social order and public welfare." Reliance on *Garcia* is misplaced. The two defendants in

2. For other examples of circumstances justifying a flexible reading of Rule 35, *see Government of the Virgin Islands v. Gereau*, 603 F.2d 438, 442 (3d Cir. 1979) (per curiam) (where defendant or her counsel is affirmatively misled by some government authority as to the date by which a Rule 35 motion must be filed, a late filing will not deprive the court of jurisdiction to entertain the motion); *Warren v. United States*, 358 F.2d 527 (D.C.Cir.1965) (same); *United States v. Mendoza*, 581 F.2d 89 (5th Cir. 1978) (en banc) (per curiam) (although Rule 35 seems to require court action to be taken within 120 days, once a timely motion is filed court retains jurisdiction for a reasonable amount of time to decide the motion). The case at bar does not present the circumstances that engendered these liberal interpretations of Rule 35.

3. The court's order denying appellant's motion expressly states that the motion was filed timely pursuant to Rule 35. The court's order did not differentiate between the two sentences, however. If the district court considered the merits of Mariano's request for reduction of the first sentence, it erred in doing so. But the error, if any, was harmless, inasmuch as the district court denied the motion.

4. *See generally United States v. Criden*, 648 F.2d 814 (3d Cir. 1981) (discussing appellate review of district court discretion).

*Garcia* each pleaded guilty to one count of possessing cocaine, in exchange for which the remaining counts of the indictments against them were dropped. At sentencing, the court refused to extend "clemency and lenity" because neither defendant had assisted in law enforcement investigations of illicit narcotics traffic. The government, however, offered no guarantee that it would not indict defendants for acts beyond the compass of the plea agreement if the defendants acceded to the sentencing court's request that they assist the authorities. While we held that the choice to which defendants were put—remain silent and lose the opportunity for leniency, or speak and run the risk of further prosecution—violated defendants' Fifth Amendment rights, we did not announce, as Mariano suggests, a general rule that a sentencing court must accede to a plea for leniency proffered by any defendant who in some respect "cooperates" with the government.

On the record before us, we cannot say that the district court abused its discretion by failing to grant Mariano's petition for leniency in regard to the second sentence. Accordingly, the judgment of the district court will be affirmed.