**UNITED STATES of America**

**v.**

**John DiSALVO.**

**Crim. No. 83–41–01.**

United States District Court, E.D. Pennsylvania.

June 8, 1990.

---

Kristin R. Hayes, Asst. U.S. Atty., Philadelphia, Pa., for U.S.

F. Kirk Adams, Media, Pa., for DiSalvo.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

At a bench trial in July of 1983, John DiSalvo was convicted on one count of conspiracy to distribute methamphetamine and three counts of unlawful use of a communications facility. I sentenced Mr. DiSalvo to 5 years of incarceration on the conspiracy count; and 4 years and 2 years, respectively, on two of the counts of unlawful use of a communications facility; and 4 years of probation on the last count of unlawful use of a communications facility. All terms were to run consecutively.

In July of 1989, I approved the recommendation of Magistrate William F. Hall, Jr., on review of defendant's fourth motion filed pursuant to 28 U.S.C. § 2255, that Mr. DiSalvo be granted a new trial, on the ground that at his trial his attorney did not enable Mr. DiSalvo to exercise his right to testify in his own behalf. *United States v. DiSalvo,* 726 F.Supp. 596 (E.D.Pa.1989). Retrial was delayed until October 1989, because Mr. DiSalvo underwent surgery for cancer. The trial—this time a jury trial—ended before verdict, when Mr. DiSalvo decided to change his plea to one of guilty on all of the charges. At that time an updated presentence report was prepared, and sentencing memoranda were submitted by the government and defense counsel. Members of the DiSalvo family, as well as friends, sent letters to the court requesting leniency.

During the sentencing, family members spoke on Mr. DiSalvo's behalf, as did Mr. DiSalvo himself. At the conclusion of the presentation I stated:

> The reiterated devotion that I have heard and seen in writing, is not something that I write off as simply a ritual protestation of love. It is entirely genuine and always has been genuine.
>
> I find no reason to suppose that the original 11 year sentence was an inappropriate one.
>
> There is one intervening factor which in my judgment would receive some consideration[.] Mr. DiSalvo is now a very ill man. He has had surgery which hopefully has arrested and perhaps effected a cure of his cancer. We can certainly all hope so.
>
> But, it is hard to ignore the possibility that he may still have a life threatening, indeed[,] life curtailing ailment. Whatever the prognosis may be, it is clear that Mr. DiSalvo is not the vigorous 60 year old that otherwise he might be.

In recognition of this ailment, I am going to sentences [sic] him now and what I am going to impose on Mr. DiSalvo, is a sentence not of 11 years but of eight years. And, that sentence will take effect as of May 14, 1987.

Transcript of January 19, 1990, at pp. 32–33. The extent of Mr. DiSalvo's cooperation with the government was also considered.[1] As of the filing of this opinion, a little under five years remain of Mr. DiSalvo's period of incarceration.

Now before the court is defendant's motion for reduction of sentence. Former Rule 35 of the Federal Rules of Criminal Procedure is applicable in this case;[2] the Rule provides, in pertinent part:

(b) *Reduction of Sentence.* A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked.... The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this section.

The instant motion was timely filed. In the motion, defendant offers three grounds for reducing the sentence: (1) defendant is "continuing to cooperate with the Government" regarding ongoing investigations; (2) the defendant's response to his cancer therapy "would be greatly improved" if he were to be "return[ed] to his family;" and (3) the defendant's daughter "needs the support and advice of her father as she embarks on her own life as a young adult." Motion, pp. 1–2. Attached to the motion is a letter from Mr. DiSalvo which reiterates his anxiety about the difficulty of recovering from cancer in a prison setting; this letter is supplemented by a further letter from Mr. DiSalvo and a letter from his brother, Joseph F. DiSalvo, Jr., echoing those health concerns. Counsel for defendant has also supplied a letter written by

the FBI for presentation to the Parole Commission, regarding Mr. DiSalvo's eligibility for parole in another matter. The letter reported Mr. DiSalvo's continuing cooperation with FBI investigators.

In its response to the motion, the government contends that Mr. DiSalvo has presented no new factors for this court's consideration. The "health and family situation," the government asserts, was considered at the time of sentencing. The cooperation referred to in the FBI letter, according to the government, not only related to his obligation to cooperate in a different case, but yielded no new information regarding that matter. The government concludes that a reduction of the sentence is unwarranted.

The decision to grant or deny a Rule 35(b) motion is within the sound discretion of the sentencing court. *United States v. Smith,* 839 F.2d 175, 179 (3d Cir.1988); *United States v. Mariano,* 646 F.2d 856, 858 (3d Cir.), *cert. denied,* 454 U.S. 856, 102 S.Ct. 304, 70 L.Ed.2d 150 (1981). Cooperation, poor health and family situation are all circumstances which can be considered by the court in making its determination. *See, e.g., Smith, supra.* As I explained during Mr. DiSalvo's sentencing, I have factored these considerations into Mr. DiSalvo's sentence, admittedly giving more weight to his illness than to his cooperation or strong family ties. In my view, there has been no showing of a significant change in these circumstances since I resentenced Mr. DiSalvo. Accordingly, it is my conclusion that reduction of the sentence is not warranted.

### Conclusion

For the reasons discussed above, defendant's motion will be denied in an appropriate order.

---

1. At the time of sentencing, the government contended that Mr. DiSalvo had hindered the government's efforts to utilize information in his possession.

2. The version of Rule 35 in effect prior to amendment by Pub.L. 98–473, is to be applied on crimes committed prior to the effective date of the Sentencing Guidelines. This case, which involves crimes committed in 1981, falls within that category.