**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**James INENDINO, Defendant-Appellant.**

**No. 80–2519.**

United States Court of Appeals,
Seventh Circuit.

Argued May 13, 1981.

Decided July 28, 1981.

Rehearing and Rehearing En Banc Denied
Nov. 2, 1981.

Jeffrey B. Steinback, Chicago, Ill., for defendant-appellant.

Jeffrey M. Johnson, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before SWYGERT, Senior Circuit Judge, NICHOLS, Judge,[1] and BAUER, Circuit Judge.

SWYGERT, Senior Circuit Judge.

This appeal presents a question of first impression in this circuit which concerns the extent of a district court's jurisdiction over a Rule 35 motion for reduction of sentence.[2] We affirm the district court's holding that it does not have jurisdiction to consider new evidence offered in a motion to reconsider denial of a Rule 35 motion filed beyond the 120-day limit in the rule.

On February 11, 1980, defendant-appellant James Inendino pled guilty to two counts of an indictment that charged a series of loansharking offenses.[3] He was sentenced on March 14, 1980, to five years' imprisonment on one count and five concurrent years of probation on the other.[4] On

---

1. The Honorable Philip Nichols, Jr., Judge, United States Court of Claims, is sitting by designation.

2. Rule 35, Fed.R.Crim.P., reads in relevant part:
   The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction.

3. Specifically, the indictment alleged a conspiracy to conduct the affairs of an enterprise through the collection of unlawful debts, 18 U.S.C. § 1962(c) and (d), the making and collec-

tion of extensions of credit by extortionate means, 18 U.S.C. §§ 892 and 894, and obstruction of justice, 18 U.S.C. § 1503.

4. These sentences are to run consecutively to other consecutive sentences imposed for two separate convictions in 1978. Inendino must first serve a five-year sentence for his involvement in a scheme to defraud a life insurance company of a half-million dollars. This sentence will be followed by a 20-year term imposed under the Dangerous Special Offender Statute, 18 U.S.C. § 3575 (1976). *See United States v. Inendino*, 463 F.Supp. 252 (N.D.Ill. 1978), *aff'd*, 604 F.2d 458 (7th Cir.), *cert. denied*, 444 U.S. 932, 100 S.Ct. 276, 62 L.Ed.2d 190 (1979).

June 30, 1980, 108 days after sentence was imposed, the court received a letter from Inendino, in which he requested the court to consider his letter as a motion to reduce sentence under Rule 35. Inendino attached as supporting exhibits several letters from, among others, his wife, his pastor, and his probation officer. After the Government filed its response, the court denied Inendino's motion on July 15, 1980, 123 days after sentencing.

On August 26, 1980, 165 days after sentence was imposed, Inendino filed a motion for reconsideration of his earlier motion, to which he attached new evidence relating to his prison behavior and adjustment that had not been included in the original motion.[5] After having heard oral argument on this motion, the court on September 22, 1980, 192 days after sentencing, held that because the motion for reconsideration was filed more than 120 days after sentencing, it could consider only that evidence which had been presented with the original motion. It therefore denied the reconsideration motion for the reasons stated in its order denying the first motion.[6]

Inendino does not appeal the denial of his original Rule 35 motion, which could not be overturned absent a clear abuse of discretion;[7] nor does he argue that the court abused its discretion in denying his motion for reconsideration. He contends here only that the district court erred as a matter of law in holding that it could not consider the new evidence presented with the second motion.

■ Rule 35 does not refer to any time period during which a defendant must make his motion to reduce sentence. It imposes instead a limit on the time during which the sentencing judge may act to reduce the sentence.[8] This time limit is jurisdictional, *United States v. Addonizio*, 442 U.S. 178, 189, 99 S.Ct. 2235, 2242, 60 L.Ed.2d 805 (1979) (dictum),[9] and it may not be extended at the discretion of the district court.[10] The purpose of the rule is to protect the district court from recurrent requests from defendants to reconsider their sentence and to prevent the courts from becoming an alternative to the Parole Commission as a means of release from custody.[11] The rule also recognizes the natural tendency of judges to become more lenient as the evidence of wrongdoing presented at trial becomes more remote.

Despite the framing of the time limitation as one on the judge's ability to act and not on the defendant's ability to file the

---

5. These materials included a Bureau of Prisons memorandum from the Bureau's Springfield Medical Center, dated October 22, 1979; a recommendation for meritorious good time from the Metropolitan Correctional Center, dated September 30, 1978; a United States Government memorandum, dated June 26, 1980; and a Bureau of Prisons extra good time recommendation, dated July 14, 1980. Only the last item was unavailable to Inendino at the time of the original motion.

6. The court's order read in relevant part,

Regarding Defendant Inendino's motion for reconsideration of the denial of his earlier Rule 35 motion, because this motion was filed more than 120 days after the Defendant's sentence was imposed, the court has jurisdiction to review only those portions of it which relate to the arguments and evidence presented previously. [citations omitted] That being so, because consideration cannot be given to the new materials he has presented, Defendant Inendino's motion for reconsideration is denied for the reasons stated in this court's prior order.

7. *See, e. g., Government of Virgin Islands v. Gereau*, 603 F.2d 438, 443 (3d Cir. 1979).

8. *See* n.2, *supra*.

9. *See also United States v. Braasch*, 542 F.2d 442 (7th Cir. 1976); *United States v. Mariano*, 646 F.2d 856 (3d Cir. 1981); *United States v. DeLutro*, 617 F.2d 316 (2d Cir. 1980); *United States v. Isaacs*, 392 F.Supp. 597 (N.D.Ill.1975); *Quinn v. Hunter*, 162 F.2d 644 (7th Cir. 1947).

10. Fed.R.App.P. 45(b).

11. *United States v. Stollings*, 516 F.2d 1287, 1289 (4th Cir. 1975); *United States v. United States District Court*, 509 F.2d 1352, 1356 (9th Cir. 1975). *See* 8A Moore's *Federal Practice— Criminal Rules* ¶ 35.02[1], n.4 (1980 ed.) ("Some limitation on the court's power seems to be necessary, for after a lapse of time the peculiar ability of the court to determine sentence gives way to the presumably greater competence, and knowledge, of penal authorities.").

motion, courts have inferred an extension of jurisdiction for a reasonable period of time beyond the 120 days in order to consider a motion filed within that time period.[12] The courts have created this exception so that defendants would not be penalized for delays that may result from a judge's absence, incapacity or preoccupation with an overcrowded calendar. Inendino argues that because the courts have judicially so altered Rule 35, the 120-day limit is not a strict delineation of jurisdiction. If courts have a reasonable time beyond 120 days to decide a timely-filed motion, he reasons, then they should also be able to consider a motion to reconsider a denial of a timely-filed motion.

The reasoning behind this extension of time does not apply to the situation in this case. While the exception was created to protect defendants from delays beyond their control, the blame for the lapse in time in this case rests squarely on defendant's shoulders. He did not file his original Rule 35 motion until 108 days after sentencing, which did not leave the district court much time to consider it. The court acted with commendable speed, as it received a Government response and ruled on the motion within fifteen days. Furthermore, three of the four principal pieces of evidence that were presented with the motion to reconsider were available at the time of the original motion and could have been discovered with due diligence by that time.

For the above reasons, and for the salutary effects described above, *supra* p. 109, of a definite termination of jurisdiction, courts have held that a subsequent motion cannot revitalize a Rule 35 motion that had been filed on time and denied. In *United*

States v. Hetrick*, 644 F.2d 752 (9th Cir. 1980), the court held that the district court did not have jurisdiction to consider a motion for reconsideration filed beyond the 120-day limit and therefore reversed an order reducing defendant's sentence. The court declared, *id.* at 756, "The timely filing of a Rule 35 motion does not give a district court jurisdiction to entertain subsequent, untimely Rule 35 motions. The second motion will not be deemed to relate back to the first motion." *See United States v. United States District Court*, 509 F.2d 1352 (9th Cir.), *cert. denied, sub nom. Rosselli v. United States*, 421 U.S. 962, 95 S.Ct. 1949, 44 L.Ed.2d 448 (1975).[13]

One of the purposes of Rule 35 is to permit defendants to present new evidence not available at the time of sentencing,[14] and a defendant may do so in motion to reconsider denial of a Rule 35 motion, but that evidence must be presented within the 120-day limit established in the rule. A defendant can easily avoid a situation such as occurred in this case by filing his Rule 35 motion within the first sixty days after sentencing. The court would then have adequate time to decide the motion before the expiration of its jurisdiction, and the defendant would probably even have time to file a motion for reconsideration within the 120-day time period.

■ We therefore affirm the district court's holding that it did not have jurisdiction to consider the new evidence presented in the untimely motion to reconsider its denial of Inendino's Rule 35 motion.[15]

AFFIRMED.

---

12. *See, e. g., United States v. Stollings, supra; United States v. Mendoza*, 565 F.2d 1285 (5th Cir.), *modified*, 581 F.2d 89 (1978); *United States v. Williams*, 573 F.2d 527 (8th Cir. 1978); *United States v. Leyvas*, 371 F.2d 714 (9th Cir. 1967).

13. *See also United States v. Dansker*, 581 F.2d 69, 72 (3d Cir. 1978).

14. *United States v. Ginzburg*, 398 F.2d 52 (3d Cir. 1968) (*en banc*), *cert. denied*, 403 U.S. 931, 91 S.Ct. 2252, 29 L.Ed.2d 709 (1971).

15. Inendino also moved to have his sentence modified to the extent allowable under 18 U.S.C. § 4205(b)(2). Because motions to modify sentences under that statutory section are governed by Rule 35, *United States v. Regan*, 503 F.2d 234, 237–38 (8th Cir. 1974), that motion was as untimely as his Rule 35 motion. We therefore affirm its denial as well.