**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Alan Devore FIELDS,
Defendant-Appellee.**

**No. 83–1425.**

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 21, 1984.

Decided March 23, 1984.

Leonard R. Gilman, U.S. Atty., Detroit, Mich., James L. McCarthy Asst. U.S. Atty. (argued), Detroit Mich., for plaintiff-appellant.

Duane A. Elston, Detroit, Mich., Federal Defenders Office, Detroit, Mich., K. Preston Oade, Jr., Southfield, Mich., Dennis M. Furman (argued), Rochester, Mich., for defendant-appellee.

Before LIVELY, Chief Judge; JONES and CONTIE, Circuit Judges.

PER CURIAM.

This is an appeal by the government from an order of the district court granting a reduction in sentence to the defendant-appellee Fields. Fields pled guilty to a charge of conspiracy to possess with intent to distribute and distribution of controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846. The plea was entered pursuant to a plea agreement under Rule 11, Federal Rules of Criminal Procedure, which provided for a maximum term of imprisonment of ten years and a maximum fine of $25,000. The district court sentenced Fields to a term of ten years' imprisonment on October 8, 1982, but did not impose a fine.

On January 25, 1983, 109 days after sentencing, Fields filed a motion for reduction of sentence pursuant to Rule 35, Federal Rules of Criminal Procedure. Rule 35(b) provides in pertinent part: "The court may reduce a sentence within 120 days after the sentence is imposed...." The district court denied the motion for reduction of sentence on February 28, 1983 and Fields filed a second motion for reduction of sentence on March 3, 1983, 145 days after the imposition of sentence.

After scheduling a hearing on the second motion of Fields, the district court held a hearing on a motion for reduction of sentence filed by a co-defendant of Fields and in disposing of that motion reduced the sentence of Fields along with that of the co-defendant. Fields' sentence was reduced from ten years to four. The district court found no justification for a severe disparity between the sentence of Fields and this co-defendant and others of equal culpability convicted for their participation in the conspiracy. The district court concluded that it had not been properly informed of the role of the various participants in the drug conspiracy when it sentenced Fields and the co-defendant whose motion for reduction was then before it.

The issue presented by this appeal is one of jurisdiction. The government argues that the district court had no jurisdiction to reduce the sentence of Fields under the circumstances of this case. In *United States v. Hetrick*, 644 F.2d 752 (9th Cir. 1981), the court held that after a district court has passed on a timely motion to reduce sentence it did not have jurisdiction to entertain a subsequent, untimely motion and the second motion would not be

deemed to relate back to the first. A similar conclusion was reached in *United States v. Inendino,* 655 F.2d 108 (7th Cir. 1981), where the court pointed out that the time limit in Rule 35 is jurisdictional and may not be extended at the discretion of the district court. Senior Circuit Judge Luther Swygert, writing for the court, explained the reasons for strict adherence to the time limits of Rule 35 as follows:

> The purpose of the rule is to protect the district court from recurrent requests from defendants to reconsider their sentence and to prevent the courts from becoming an alternative to the Parole Commission as a means of release from custody. The rule also recognizes the natural tendency of judges to become more lenient as the evidence of wrongdoing presented at trial becomes more remote.

*Id.* at 109 (footnote omitted).

We agree with the interpretation of Rule 35 by the two courts of appeals and with the rationale for strict application enunciated by Judge Swygert. Accordingly, it is necessary to reverse the judgment of the district court in the present case. We note, however, that in her memorandum opinion the district judge found an equal protection violation in the disparity of sentences in the present case and our determination that the order pursuant to Rule 35 was not authorized in no way limits the right of the defendant-appellee to seek relief pursuant to 28 U.S.C. § 2255.

The judgment of the district court is reversed.