772 F.2d 908
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
KIM KENNETH ADLER, DEFENDANT-APPELLANT.
 NO. 84-1613
 United States Court of Appeals, Sixth Circuit.
 8/26/85
 
 E.D.Mich.
 VACATED AND REMANDED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 Before: JONES and CONTIE, Circuit Judges; and EDWARDS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Kim Kenneth Adler appeals from his conviction, on his guilty plea, for aiding and abetting in the distribution of .3 gram of cocaine pursuant to 18 U.S.C. Sec. 2, 21 U.S.C. Sec. 841(a)(1), alleging that his plea was involuntary because he was not informed that the Parole Board would consider the dismissed counts of the indictment, and that the district court abused its discretion in sentencing. For the reasons that follow, we vacate the judgment and remand the case to the district court with instructions to dismiss for lack of jurisdiction.
 
 
 2
 Adler was indicted along with Kevin Williams and Mark Wayde in an eight-count indictment in which Adler was named in Count I (conspiracy to possess with intent to distribute and conspiracy to distribute), Count II (aiding and abetting the distribution of 14 grams of cocaine), Count III (aiding and abetting distribution of .3 grams of cocaine), and Count VI (interstate transportation in aid of racketeering enterprises). Adler agreed to a Rule 11 plea agreement in which he pleaded quilty to Count III and the remaining counts were dismissed.
 
 
 3
 On November 4, 1983, the district court sentenced Adler to four years in prison pursuant to 18 U.S.C. Sec. 4205 with a three-year special parole term to follow. On March 1, 1984, Adler moved the court to correct and reduce his sentence, challenging the accuracy of the presentence report and seeking a reduction in sentence based on the discretion of the court. On April 17, a hearing was held and the motion was denied. On April 25, Adler moved for reconsideration on the ground that the court had failed to consider in sentencing that Adler was the least culpable of the defendants, and that Adler had not been informed that the Parole Board would consider all counts of the indictment and the entire transaction in reaching its decision. On July 2, 1984, the motion was denied.
 
 
 4
 On July 13, Adler filed a motion for post-conviction relief. In his motion Adler complained that he had been under the impression at the time he pleaded guilty that only the offense he pleaded to would be considered by the Parole Board. Adler requested the district court to send a letter to the Parole Board indicating that the court would not oppose early release and that the Parole Board should consider no other offense surrounding the transaction in question except that to which he pled. On August 6, the motion was denied and Adler appealed.
 
 
 5
 Appellant styles his appeal as an appeal from denial of a motion for correction of sentence pursuant to Fed. R. Crim. P. 35(a) which provides:
 
 
 6
 The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.
 
 
 7
 Rule 35(b) provides the '[t]he court may reduce a sentence within 120 days after the sentence is imposed. . . .' There is no doubt that failure to comply with the 120-day time limit is jurisdictional, United States v. Addonizio, 442 U.S. 178, 189 (1979); United States v. Blanton, 739 F.2d 209, 213 (6th Cir. 1984); United States v. Fields, 730 F.2d 460, 462 (6th Cir. 1984); United States v. Inendino, 655 F.2d 108, 109 (7th Cir. 1981); United States v. Hetrick, 644 F.2d 752, 755 (9th Cir. 1981); Government of Virgin Islands v. Gereau, 603 F.2d 438, 440 (3d Cir. 1979), and a second untimely motion does not relate back to a previous timely motion, United States v. Johnson, 582 F.2d 335, 336 (5th Cir. 1978); United States v. U.S. District Court, 509 F.2d 1352, 1354 (9th Cir.), cert. denied, 421 U.S. 962 (1975) (government can raise error at any time); Fields, 730 F.2d at 461. It is clear from the record that the motion Adler appeals from was filed more than 120 days after sentencing, and, therefore, was untimely if construed as 'a sentence imposed in an illegal manner.' However, since illegal sentences can be corrected at any time under the rule, we consider whether such a construction can render the motion timely.
 
 
 8
 The Supreme Court provided guidance regarding the parameters of Rule 35 relief in Hill v. United States, 368 U.S. 424, 430 (1962) (footnotes omitted).
 
 
 9
 [T]he narrow function of Rule 35 is to permit correction at any time of an illegal sentence, not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence. The sentence in this case was not illegal. The punishment meted out was not in excess of that prescribed by the relevant statutes, multiple terms were not imposed for the same offense, nor were the terms of the sentence itself legally or constitutionally invalid in any other respect.
 
 
 10
 Further, this court has held that '[t]he purpose of Rule 35 was to permit the court, at any time, to correct a sentence that 'the judgment of conviction did not authorize' . . .. Application of the Rule presupposed a valid judgment. . . .' Johnson v. United States, 334 F.2d 880, 883 (6th Cir. 1964), cert. denied, 380 U.S. 935 (1965); United States v. Morgan, 346 U.S. 502, 506 (1954); United States v. Ames, 743 F.2d 46, 47 (1st Cir. 1984), cert. denied, 105 S. Ct. 927 (1985) ('For purposes of Rule 35, we have held that an 'illegal sentence' is one which is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which the judgment of conviction does not authorize.'); United States v. Huss, 520 F. 2d 598, 603 (2d Cir. 1975); United States v. Hairston, 560 F. Supp. 481, 482-83 (S.D. Ohio 1983).
 
 
 11
 In this case, it is clear that Adler does not challenge his sentence as 'illegal' within the meaning of Rule 35, but instead challenges the voluntariness of his guilty plea. It is undisputed that the sentence was within the statutory limits. Challenges to the underlying conviction are not permitted on Rule 35 motions and an attack on the discretion of the district court does not render the sentence illegal. Therefore, the motion was not filed in compliance with Rule 35(b), and neither the district court nor this court has jurisdiction to consider the motion.
 
 
 12
 Accordingly, the judgment of the district court is VACATED and the case REMANDED with instructions to dismiss.