791 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WILLARD DONALD GROSS, Petitioner-Appellant
v.
UNITED STATES OF AMERICA, Respondent-Appellee.
 85-6025
 United States Court of Appeals, Sixth Circuit.
 4/23/86
 
 REMANDED
 E.D.Ky.
 ORDER
 BEFORE: LIVELY, Chief Judge, MERRITT and JONES, Circuit Judges.
 
 
 1
 This matter is before the Court upon appellant's motion for bail pending appeal. See Rule 23 Federal Rules of Appellate Procedure. Willard Donald Gross is appealing the denial of his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the Court pursuant to Sixth Circuit Rule 9(a). Upon consideration of the briefs, documents filed on appeal, and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 This Court has considered the appellant's motion and found no showing of extraordinary circumstances which would warrant release pursuant to Rule 23. Aronson v. May, 85 S.Ct. 3 (1964); Dallo v. I.N.S., 765 F.2d 581, 589 (6th Cir. 1985).
 
 
 3
 The appellant filed a motion to vacate sentence on August 21, 1985. Grounds two, three and four of the petition were correctly denied by the district court as successive petitions. Sanders v. United States, 373 U.S. 1, 15 (1963).
 
 
 4
 The appellant also alleges ineffective assistance of counsel by his second retained attorney for not filing a reply to the United States' response to the appellant's original motion to vacate filed on February 8, 1985. While counsel is not required to file a reply, the appellant states a possible claim for relief in his memorandum in support of the motion to vacate. The appellant alleges ineffective assistance because his attorney failed to file a motion for reduction of sentence within the 120 day period required by Federal Rule of Criminal Procedure 35(b). The motion to vacate sentence should therefore be remanded to the district court for consideration of the appellant's claim of ineffective assistance of counsel for failure to file a timely motion for reduction of sentence pursuant to Federal Rule of Criminal Procedure 35(b). In the event the district court finds that this does constitute ineffective assistance of counsel, the appellant should be allowed to amend his motion to vacate to include the claims of the Rule 35 motion. United States v. Fields, 730 F.2d 460, 462 (6th Cir. 1984).
 
 
 5
 Accordingly, it is ORDERED that the motion for release on bail is denied, and it is ORDERED that the case be remanded to the district court for a hearing on the motion to vacate as specified above. Rule 9(d)(4), Rules of the Sixth Circuit.