823 F.2d 549
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry GILLY, Defendant-Appellant.
 No. 87-7525
 United States Court of Appeals, Fourth Circuit.
 Submitted April 29, 1987.
Decided July 9, 1987.
 
 Larry Gilly, appellant pro se.
 Karen Breeding Peters, Assistant United States Attorney, for appellee.
 Before RUSSELL, WIDENER and PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Larry Gilly was convicted of conspiracy to sell cocaine and possession with intent to distribute cocaine. At sentencing, Gilly's attorney challenged as erroneous information in the presentence report alleging that Gilly had been dealing drugs since the early 1970s. No such information had been introduced at trial. The district court did not comment on the information, but proceeded to sentence Gilly.
 
 
 2
 After sentencing, Gilly filed a letter, construed by the district court as a timely Rule 35 motion to correct his sentence. Gilly later filed another letter challenging his sentence. In this letter, Gilly alleged for the first time that he was entitled to a new sentencing hearing or an evidentiary hearing because the judge failed to properly address the factual challenge to the presentence report. Pursuant to Fed. R. Crim. P. 32, the judge should have either stated that he would not consider the information or held an evidentiary hearing to determine the accuracy of the information.
 
 
 3
 Gilly's second letter was filed outside the 120-day period for filing Fed. R. Crim. P. 35 motions. The filing of a second Rule 35 motion, raising a new claim, does not relate back to the timely filing of an earlier Rule 35 motion. Cf. United States v. Fields, 730 F.2d 460, 462 (6th Cir. 1984); United States v. Hetrick, 644 F.2d 752, 756 (9th Cir. 1980). The letter is untimely if construed as a motion pursuant to Fed. R. Crim. P. 35.
 
 
 4
 The letter raises issues cognizable in a motion pursuant to 28 U.S.C. Sec. 2255. Kramer v. United States, 788 F.2d 1229 (7th Cir. 1986). A cognizable claim brought by a pro se litigant should not be dismissed simply because the litigant failed to assert the correct statutory basis. See Andrews v. United States, 373 U.S. 334, 337-38 (1963); 3 C. Wright, Federal Practice and Procedure Sec. 583, at 393 (1982). Gilly's claim of noncompliance with Rule 32, although untimely under Rule 35, should therefore be addressed under Sec. 2255.
 
 
 5
 This Circuit has held that a judge must state on the record how he will handle controverted facts in a presentence report. United States v. Hill, 766 F.2d 856, 858 (4th Cir. 1985), cert. denied, ---- U.S. ----, 54 U.S.L.W. 3271 (Oct. 21, 1985). The district judge failed to address whether he intended to consider the challenged information that Gilly had been involved in drug dealing over more than a decade. We cannot tell, from the record, what weight was given that evidence.
 
 
 6
 Accordingly, to the extent the district court, by denying Gilly's Rule 35 motion, rejected his Rule 32 claims, we vacate the denial and remand to the district court for consideration of this claim under 28 U.S.C. Sec. 2255. To the extent the district court's order denied Gilly's request for a discretionary reduction in sentence under Rule 35(b), we affirm the denial. We dispense with oral argument because the dispositive issues have recently been decided authoritatively.
 
 
 7
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.