UNITED STATES of America

v.

Adham Ahmed K. BADR, Defendant.

No. CR–84–00672(S).

United States District Court,
E.D. New York.

Aug. 19, 1987.

Thomas P. Milton, Asst. U.S. Atty., E.D. N.Y., Brooklyn, N.Y., for plaintiff.

Adham Ahmed K. Badr, pro se.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

Federal Rule of Criminal Procedure 35(b) permits a sentencing court to reduce the sentence imposed upon a defendant if a motion is made, or if the court acts *sua sponte,* "within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation." Rule 45(b), dealing with enlargements of time, provides that the court may not extend the time for taking action under rule 35. And, in an oft-cited dictum, the Supreme Court has stated that the 120–day time limit of rule 35(b) "is jurisdictional and may not be extended," *United States v. Addonizio,* 442 U.S. 178, 189, 99 S.Ct. 2235, 2242, 60 L.Ed.2d 805 (1979).

The question presented is just how jurisdictional the 120–day limit is. More specifically, defendant Adham Badr seasonably moved for a reduction in the sentence imposed by the court on May 2, 1985; that motion was denied on January 27, 1986. On August 5, 1987, Badr moved for reconsideration of the denial of his motion. The present motion, made more than eighteen months after denial of Badr's first motion, clearly was made more than 120 days after any of the events described in rule 35(b). Badr contends, however, that this motion relates back to the timely motion that the court denied in 1986. For the reasons that follow, the court disagrees, and denies the motion on the ground that jurisdiction is lacking.

Before it was amended in 1985, rule 35(b), read literally, did not permit a sentencing court to act after the 120–day period elapsed, even if the defendant made his motion within the period. Most courts read the rule as permitting a court to act so long as the motion was made seasonably, *see, e.g., United States v. Krohn,* 700 F.2d 1033, 1035–39 (5th Cir.1983); *United States v. DeMier,* 671 F.2d 1200, 1205–08 (8th Cir.1982); *United States v. DeVito,* 99 F.R.D. 113, 115 (D.Conn.1983), but others held that the rule must be read literally, *see, e.g., Gaertner v. United States,* 763 F.2d 787, 796–97 (7th Cir.), *cert. denied,* 474 U.S. 1009, 106 S.Ct. 535, 88 L.Ed.2d 466 (1985). The 1985 amendment of the rule incorporated the view that courts retained jurisdiction to decide these motions for a reasonable time after the 120–day period expired, provided the motion was made within the period. *See id.* at 789 n. 2; *id.* at 797 n. 1 (Cudahy, J., dissenting).

That the view of *Krohn* and *DeMier* now finds approval in the language of rule 35(b)

does not answer the question before the court: clearly, Badr's first motion was timely, but may the court consider his present motion for reconsideration? The beginning of an answer appears in judicial explications of the policy behind the 120–day limit. "Its dual purpose is to allocate responsibility for disposition of an offender between the sentencing court and parole authorities and to protect courts against 'continuing and successive importunities by the defendant.'" *United States v. Counter*, 661 F.2d 374, 376 (5th Cir.1981) (quoting *United States v. Mendoza*, 565 F.2d 1285, 1290, *modified en banc*, 581 F.2d 89 (5th Cir.1978)). In other words, "[t]he time limit in Rule 35(b) mediates between competing aims: the time must be long enough to allow the judge to reduce a sentence if he is so disposed, and it must be short enough that the judge's power does not duplicate the discretion of the Parole Commission." *United States v. Kimberlin*, 776 F.2d 1344, 1347 (7th Cir.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 2251, 90 L.Ed.2d 697 (1986).

The interests of finality and deference to the function of the Parole Commission have led most courts that have considered the question to conclude that a subsequent motion for reconsideration "cannot revitalize a Rule 35 motion that had been filed on time and denied," *United States v. Inendino*, 655 F.2d 108, 110 (7th Cir.1981); *accord United States v. Dean*, 752 F.2d 535, 539 n. 6 (11th Cir.1985), *cert. denied*, —— U.S. ——, 107 S.Ct. 97, 93 L.Ed.2d 48 (1986); *United States v. Blanton*, 739 F.2d 209, 213 (6th Cir.1984); *United States v. Hetrick*, 644 F.2d 752, 756 (9th Cir.1981); *cf. United States v. Taylor*, 768 F.2d 114, 118 (6th Cir.1985) (even if court may retain jurisdiction for reasonable time after expiration of 120–day limit specified in former rule 35(b), no extension of whatever length is reasonable if allowed for purpose in contravention of rule). The court's research has revealed only one case in which the problem was considered explicitly and a contrary conclusion reached:

> If a court may decide a Rule 35 motion outside the 120–day limitation, it follows that the court may, in response to a prompt request, reconsider its decision. The request must be made with reasonable promptness, and the court must rule on the request within a reasonable time, after conducting such additional inquiry as seems appropriate in the circumstances.

*United States v. Lichtman*, No. 81 Cr. 849–CSH (S.D.N.Y. Nov. 21, 1983) (LEXIS, Genfed library, Dist file). Badr points to other cases in which courts acted as though *Lichtman* were correct, but in none of those cases did the court address the jurisdictional issue.

In the present circumstances, it is not necessary for the court to decide whether *Lichtman* provides a better interpretation of rule 35(b) than the majority rule of *Inendino, Dean, Blanton, Hetrick*, and *Taylor*. This is because Badr could not derive any benefit from *Lichtman*, even if that case were correctly decided. *Lichtman* emphasized that the request for reconsideration must be made promptly; here, Badr did not make his second motion until more than a year and one-half elapsed from denial of his first motion. Thus, it cannot be disputed that the court lacks jurisdiction to entertain the present motion, and the motion is denied on that basis.

SO ORDERED.