**UNITED STATES of America,**

v.

**Michael P. OSHATZ, Defendant.**

**No. 87 Cr. 1000 (RWS).**

United States District Court,
S.D. New York.

June 7, 1993.

Roger S. Hayes, U.S. Atty., S.D.N.Y., New York City, for U.S.; Robert J. Cleary, Asst. U.S. Atty., of counsel.

National Correctional Counseling Center, Washington, DC, for defendant; Paul C. Kurtz, of counsel.

## OPINION

SWEET, District Judge.

The Defendant Michael P. Oshatz ("Oshatz") has moved pursuant to Rule 35(b), Fed. R.Crim.P., for reconsideration of this Court's disposition of his motion for reduction of sentence. This motion was filed on March 4, 1993 and was taken on submission on March 17, 1993. It is considered fully submitted as of that date. For the reasons set forth below, this motion is denied.

In a Memorandum Opinion (the "Opinion") dated November 18, 1991, this Court granted Oshatz's motion for reduction of sentence and reduced his original sentence of 40 months to 32 months. This reduction was warranted in light of Oshatz's deteriorating physical condition and certain financial and personal difficulties his incarceration had imposed upon his family.

Oshatz now moves for reconsideration of the reduction set forth in the Opinion on the ground that he has been unable to obtain various exhibits, including certain partnership tax returns upon which the prosecution based its estimates of losses attributable to Oshatz's actions, for use at his parole hearing. As a result, Oshatz contends, it was necessary to postpone the hearing scheduled for November 1992.

Oshatz asserts further that when the Government notified him that it no longer had the requested tax returns in its files and that

---

he would have to request them directly from the Internal Revenue Service, a process that would take some three to four months, he went ahead with the hearing at the next possible date, January 11, 1993.

Finally, Oshatz alleges that because he did not have the requested tax returns to document the "actual loss" figures he presented to the Parole Commission ("Commission"), the Commission denied Oshatz a grant of parole. Oshatz now moves this Court to remedy the situation by, in effect, doing what the Commission has refused to do by further reducing his sentence in lieu of his being granted parole.

This motion is made pursuant to the "old law" Rule 35(b) and as such is untimely. Rule 35(b) provides:

> A motion to reduce a sentence may be made ... within 120 days after entry or any order or judgment of the Supreme Court ... having the effect of upholding, a judgment of conviction.

Fed.R.Crim.P., Rule 35(b). As such, it is untimely and as such must be summarily denied because this Court is without jurisdiction to entertain it.

In an unreported opinion, the Honorable Charles S. Haight, considering the practical application of the 120–day time limit on the court's jurisdiction to entertain motions for reconsideration, noted that:

> In practice ... most courts have permitted the district court to act upon a Rule 35 motion outside the boundaries of the 120 days limitation, so long as the motion ... was timely filed within that period.

*United States v. Lichtman,* No. 81 Cr. 849 (CSH), slip op. at 2, 1983 WL 4615 (S.D.N.Y. Nov. 21, 1983) (LEXIS, Genfed library, Dist file). Judge Haight concluded:

> If a court may decide a Rule 35 motion outside the 120–day limitation, it follows that the court may, in response to a prompt request, reconsider its decision. The request must be made with reasonable promptness, and the court must rule on the request within a reasonable time, after

conducting such additional inquiry as seems appropriate in the circumstances. *Id.*

More recently, the Honorable Whitman Knapp provided a more detailed framework for Judge Haight's conclusions in his thorough analysis of this issue in *United States v. Coonan,* 750 F.Supp. 652 (S.D.N.Y.1990). Judge Knapp noted that the 120–day time limit of Rule 35 was not intended to be interpreted literally, but rather is to be applied within the discretion of the court upon the principle of reasonableness. *See id.* at 655. However, Judge Knapp distinguished the situation confronting him, in which he found jurisdiction to entertain a motion for reconsideration,[1] from those in which "unconscionable delay had elapsed between the denial of the original Rule 35 motion and the application for reconsideration." *Id.* at 656; *see United States v. Inendino,* 655 F.2d 108 (7th Cir.1981) (affirming the district court's refusal to consider new evidence that had been submitted with a motion for reconsideration filed 42 days after the initial Rule 35 motion had been denied); *United States v. Hetrick,* 644 F.2d 752 (9th Cir.1980) (holding untimely a second motion for reconsideration filed almost 9 months after the district court decided the original Rule 35 motion); *United States v. Badr,* 666 F.Supp. 37 (E.D.N.Y. 1987) (denying motion for reconsideration filed more than 18 months after Rule 35 motion had been denied).

In the matter at hand, the present motion falls squarely within the category of *Inendino, Hetrick,* and *Badr* as one in which "unconscionable delay ha[s] elapsed between the denial of the original Rule 35 motion and the application for reconsideration." *Coonan,* 750 F.Supp. at 656.

After the Court of Appeals affirmed his conviction, Oshatz filed a petition for a writ of certiorari. The Supreme Court denied the application and Oshatz moved for a rehearing. The Supreme Court denied that petition on June 17, 1991. On July 29, 1991, Oshatz field his original Rule 35 motion with this Court, seeking a sentence reduction.

---

1. The defendant was sentenced on May 12, 1988, the Court of Appeals affirmed and reaffirmed the conviction on May 24 and July 5, 1989, respectively, and the Supreme Court denied the petition for a writ of certiorari on December 1, 1989.

The defendant filed her original Rule 35 motion on December 5, 1989. The opinion denying the motion was issued by Judge Knapp on August 3, 1990, and on August 10, 1990, the defendant moved for reconsideration of the motion.

That motion was granted in the Opinion, and Oshatz's sentence was reduced from 40 to 32 months. This motion now comes some 20 months after the Supreme Court's final order in this matter and 16 months after this Court issued the Opinion.[2]

Therefore, this Court does not have jurisdiction to entertain this motion, and it is, for that reason, denied.

It is so ordered.

---

**2.** This chronology stands in sharp contrast to the 7 *days* that lapsed between Judge Knapp's issuing his opinion on the defendant's original Rule 35 motion and defendant's moving for reconsideration in *Coonan.*