107 F.3d 5
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Michael MALPIEDI, Defendant-Appellant.
 No. 96-1109.
 United States Court of Appeals, Second Circuit.
 Jan. 24, 1997.
 
 Before VAN GRAAFEILAND, LEVAL, and CABRANES, Circuit Judges.
 
 
 1
 Appeal from the United States District Court for the Eastern District of New York (Raggi, Judge ).
 
 
 2
 APPEARING FOR APPELLANT: Michael Malpiedi, pro se, Minersville, Pa.
 
 
 3
 APPEARING FOR APPELLEE: Emily Berger, Assistant United States Attorney, Eastern District of New York, Brooklyn, N.Y.
 
 
 4
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was submitted.
 
 
 5
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the appeal is dismissed for lack of jurisdiction.
 
 
 6
 Michael Malpiedi, pro se and incarcerated, appeals from the denial of the United States Government's motion, under Fed.R.Crim.P. 35(b), for a reduction in his sentence of forty months' imprisonment based on his post-sentencing cooperation. In its motion, the government explained that Malpiedi's cooperation was instrumental in obtaining a plea from one of his co-defendants, whose conviction had been vacated by this Court. Counsel for Malpiedi also submitted a letter to the district court, arguing that Malpiedi's family problems and exceptional behavior in prison were additional reasons for reducing his sentence. The district judge declined to hear oral argument and denied the motion, explaining that after review of both sides' submissions and "all documents relevant to the original sentencing," she believed the original sentence was still fair.
 
 
 7
 On appeal, Malpiedi contends that the district judge abused her discretion by denying him the opportunity to argue and failing to consider that because he cooperated while in prison he was abused by other inmates.
 
 
 8
 Appeal from a Rule 35(b) motion is governed by 18 U.S.C. § 3742, which confers limited appellate jurisdiction. United States v. Doe, 93 F.3d 67, 68 (2d Cir.1996). This court has no jurisdiction to hear such an appeal unless the sentence imposed was "(1) in violation of the law; (2) a misapplication of the [federal sentencing] Guidelines; (3) an upward departure from the Guidelines; or (4) a plainly unreasonable penalty for an offense not included in the Guidelines." Id. Malpiedi has failed to show any of these.
 
 
 9
 Malpiedi was entitled to respond in writing to the Rule 35(b) motion (which he did), but the district judge was not required to hear oral argument. United States v. Gangi, 45 F.3d 28, 32 (2d Cir.1995) (Defendant must be allowed to respond to Rule 35(b) motion, but district court may determine that written submission is sufficient basis for decision.). Malpiedi's counsel's letter, together with the government's submission, furnished an adequate basis for the district court's decision.
 
 
 10
 Malpiedi now argues that the attorney who wrote the letter did so without contacting him and was no longer representing him. The record furnishes no support for this claim, however, and Malpiedi fails to explain why, if he was not represented by counsel, he made no pro se submission to the district court at the time of the motion.
 
 
 11
 The district judge's denial of the Rule 35(b) motion was well within her discretion. Accordingly, no jurisdiction exists for this appeal under 18 U.S.C. § 3742.
 
 
 12
 We do note that, in presenting his claim to the district court, Malpiedi failed to mention an argument he now advances to us, which if substantiated might have carried some weight. Malpiedi asserts that because the government moved him to a different prison to render his cooperation, he lost his chance to join a drug rehabilitation program that he was scheduled to enter. According to Malpiedi, participation in this program would have entitled him to a year off his prison sentence and 6 months of community placement.
 
 
 13
 We have no jurisdiction to consider this issue, and express no view furthermore whether Malpiedi may bring it before the district court on a motion for reconsideration of the 35(b) motion, assuming that such a motion would not be time barred. Compare United States v. Coonan, 750 F.Supp. 652, 657-58 (S.D.N.Y.1990) (reconsideration of Rule 35(b) motion may be allowed despite expiration of Rule 35(b)'s (then 120-day) time limit depending on particular circumstances of case), and United States v. Lichtman, 1983 WL 4615, * 2 (S.D.N.Y.1983) (where motion for reconsideration of Rule 35(b) motion made with "reasonable promptness" (here, one week after denial) court has jurisdiction to hear it), with United States v. Oshatz, 822 F. Supp 1077, 1078-79 (S.D.N.Y.1993) (unconscionable delay prohibits hearing motion for reconsideration of Rule 35(b) motion made 20 months after Supreme Court's final order in the case and 16 months after Rule 35(b) motion (at that time subject to 120-day limit) was decided), and United States v. Badr, 666 F.Supp. 37 (E.D.N.Y.1987) (where motion for reconsideration was made more than a year and a half after Rule 35(b) motion (with old 120-day limit), district court has no jurisdiction).