# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1761

_____

United States of America,          *

                  *

       Appellee,       *

                  *  Appeal from the United States

     v.              *  District Court for the District

                  *  of North Dakota.

Leonard Peltier,         *

                  *

       Appellant.     *

_____

Submitted:  October 8, 2002

Filed:  December 12, 2002 (Corrected: 12/18/02)

_____

Before HANSEN, Chief Judge, and HEANEY and MORRIS SHEPPARD ARNOLD,
    Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Leonard Peltier appeals the district court's[1] denial of his renewed motion under Rule 35 of the Federal Rules of Criminal Procedure to reduce the sentences imposed on him in 1977. We affirm.

_____

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

Twenty-five years ago, following a five-week jury trial, the district court sentenced Mr. Peltier to two consecutive life terms in prison for the first degree murder of two FBI agents. The government tried the case on alternative theories, asserting that Mr. Peltier personally killed the agents at point blank range, or that if Mr. Peltier had not personally killed the agents he was guilty as an aider and abettor. We affirmed the conviction and sentences on direct appeal. *United States v. Peltier*, 585 F.2d 314 (8th Cir. 1978), *cert. denied*, 440 U.S. 945 (1979). At the time of Mr. Peltier's sentencing, Rule 35(b) permitted "every convicted defendant a second round before the sentencing judge ... giv[ing] the judge an opportunity to reconsider the sentence in light of any further information about the defendant or the case which may have been presented to him in the interim." *United States v. Colvin*, 644 F.2d 703, 705 (8th Cir. 1981) (internal quotation omitted). (All references to Rule 35 in this opinion are to the rule as it existed when Mr. Peltier was sentenced.)

In order to take advantage of this opportunity for a "second round" under Rule 35(b), a defendant was required to file his or her motion for reduction of sentence within 120-days of a critical event: for Mr. Peltier that event was the United States Supreme Court's denial of his petition for a writ of certiorari on March 5, 1979. This 120-day requirement has been said to be jurisdictional, and the rules of criminal procedure specifically prohibited the district court from enlarging the 120-day filing period. *See United States v. Addonizio*, 442 U.S. 178, 189 (1979) (*dictum*); *United States v. DeMier*, 671 F.2d 1200, 1206 (8th Cir. 1982); Fed. R. Crim. P. 45(b).

Following the Supreme Court's denial of his petition for a writ of certiorari, Mr. Peltier filed a timely motion under Rule 35(b) for reduction of sentence. Mr. Peltier's "second round" before the sentencing judge was unsuccessful; the district court denied his motion on October 4, 1979. We believe that in the present case the district court correctly concluded that it was without authority to consider Mr. Peltier's renewed motion under Rule 35(b) because Mr. Peltier filed it more than twenty-two years after the 120-day filing period had expired.

To the extent that Mr. Peltier suggests that his renewed motion somehow "relates back" to his timely-filed original motion, we note that a timely-filed Rule 35 motion cannot be "revitalized by the mere act of filing subsequent motions beyond the 120-day period." *United States v. Dansker*, 581 F.2d 69, 72 (3d Cir. 1978); *see United States v. Friedland*, 83 F.3d 1531, 1538 (3d Cir. 1996); *United States v. Fields*, 730 F.2d 460, 461-62 (6th Cir. 1984) (per curiam); *United States v. Ferri*, 686 F.2d 147, 155 (3d Cir. 1982). Indeed, the 120-day time limit exists in part "to protect the district court from recurrent requests from defendants to reconsider their sentence and to prevent the courts from becoming an alternative to the Parole Commission as a means of release from custody." *United States v. Inendino*, 655 F.2d 108, 109 (7th Cir. 1981).

In the face of what seems to be a pretty plain prohibition against extending the 120-day filing period, Mr. Peltier suggests that, where equity so requires, district courts have fashioned ways to extend their authority to reduce sentences under Rule 35(b). Those cases, however, involve circumstances where a defendant made a good faith attempt to comply with the prescribed time limit, but for reasons wholly beyond his control (for example, his reliance on an affirmative statement by the court, his reliance on a statement in a letter sent to him by the United States Attorney, or a delay by prison authorities in mailing what would have been a timely motion) his Rule 35 motion did not timely reach the court. *See United States v. Blanton*, 739 F.2d 209, 213 (6th Cir. 1984); *Dodge v. Bennett*, 335 F.2d 657, 658-59 (1st Cir. 1964). We find no such equitable considerations present in Mr. Peltier's case; Mr. Peltier does not assert that he was affirmatively misled by a governmental authority as to the date by which his Rule 35 motion must be filed. To the contrary, as we have already indicated, the record demonstrates that Mr. Peltier filed a timely Rule 35 motion in 1979. *See, e.g, United States v. Regan*, 503 F.2d 234, 237 (8th Cir. 1974) (per curiam), *cert. denied*, 420 U.S. 1006 (1975).

Mr. Peltier also intimates that because (in his view) the government prevented him from presenting material evidence to the sentencing court on the occasion of his original Rule 35 motion, equity requires that the district court extend the 120-day time limit so that he may have an opportunity to present this evidence in support of his motion to reduce his sentences. The evidence to which Mr. Peltier refers is the "new" ballistics information that emerged belatedly in hearings conducted in 1985 when he filed for relief under 28 U.S.C. § 2255. In that earlier proceeding we stated that:

> The record as a whole leaves no doubt that the jury accepted the government's theory that Peltier had personally killed the two agents, after they were seriously wounded, by shooting them at point blank range with an AR-15 rifle ... The critical evidence in support of this theory was a casing from a .223 caliber Remington cartridge recovered from the trunk of [the car of one of the murdered agents] ... The district court, agreeing with the government's theory ... sentenced Peltier to two consecutive life sentences.

*United States v. Peltier*, 800 F.2d 772, 772-73 (8th Cir. 1986), *cert. denied*, 484 U.S. 822 (1987). We recognized in that case that while there was clear evidence supporting Mr. Peltier's participation in the shoot-out, the government wrongly withheld ballistics information that could have assisted Mr. Peltier in refuting the theory that he personally killed the FBI agents. *Id.* at 775. We nevertheless rejected Mr. Peltier's request for relief because, under the standard set forth in *United States v. Bagley*, 473 U.S. 667, 682 (1985), we were not convinced that had this ballistics information been made available, there was a reasonable probability that the jury would have acquitted him. *See Peltier*, 800 F.2d at 775, 777-78, 779-80; *see also Brady v. Maryland*, 373 U.S. 83, 87 (1963).

Even if we were to accept Mr. Peltier's current assertion that the government prevented him from presenting this ballistics information to the sentencing court at the time of his original Rule 35 motion, we could not find that equity requires the

district court to consider his renewed Rule 35 motion. Mr. Peltier has been aware of this "new" ballistics information since 1985, and equity does not support extending the 120-day filing period for the seventeen years it has taken Mr. Peltier to file his renewed Rule 35 motion.

We also find it necessary to reject Mr. Peltier's suggestion on appeal that he may obtain relief under Rule 35(a), which, in relevant part, authorizes the district court "to correct an illegal sentence at any time." The crux of Mr. Peltier's argument on this issue is that the sentencing court would have imposed concurrent rather than consecutive sentences if it had been aware of the ballistics information rehearsed above. Mr. Peltier, however, misunderstands the meaning of "illegal sentence" under Rule 35(a). "Sentences subject to correction under [Rule 35(a)] are those that the judgment of conviction did not authorize." *United States v. Morgan*, 346 U.S. 502, 506 (1954). A sentence is illegal when it is not authorized by law; for example, when the sentence is "in excess of a statutory provision or otherwise contrary to the applicable statute." *United States v. Huss*, 520 F.2d 598, 602 (2d Cir. 1975); *see also United States v. Golay*, 560 F.2d 866, 871 (8th Cir. 1977). A sentence is not illegal if the "punishment meted out was not in excess of that prescribed by the relevant statutes, multiple terms were not imposed for the same offense, [or] the terms of the sentence itself [are not] legally or constitutionally invalid in any other respect." *See Hill v. United States*, 368 U.S. 424, 430 (1962). In this case, a simple comparison of the sentences to the relevant statute reveals that the district court had the discretion to impose consecutive or concurrent sentences, and Mr. Peltier's sentences are not therefore "illegal" under Rule 35(a). *See, e.g., United States v. Phillips*, 726 F.2d 417, 419 (8th Cir. 1984); *United States v. Moss*, 631 F.2d 105, 106 (8th Cir. 1980) (per curiam); *Thorne v. United States*, 406 F.2d 995, 999 (8th Cir. 1969).

We believe that Mr. Peltier's argument, properly characterized, is not that his sentences were themselves illegal. The argument is that his sentences were imposed in violation of his due process rights because they were based on information that was

false due to government misconduct. Under the relevant portion of Rule 35(a), it is true, the court "may correct a sentence imposed in an illegal manner within the time provided ... for the reduction of sentence [under Rule 35(b)]." But as we have already explained, Mr. Peltier's motion for relief under Rule 35(b) is time-barred.

We further believe that Mr. Peltier's reliance on *United States v. Tucker*, 404 U.S. 443 (1972), is misplaced. In that case, the Supreme Court held that because the defendant's sentence was founded upon "misinformation of a constitutional magnitude" (the sentencing court gave explicit consideration to prior convictions later found to have been obtained in violation of the right to counsel), the sentencing court should have the opportunity to reevaluate the defendant's sentence. *See id.* at 443-45, 447, 449. *Tucker* was, however, a proceeding brought under 28 U.S.C. § 2255, not Rule 35. *See id.* at 445. To the extent that Mr. Peltier argues that his sentence was premised upon misinformation of a constitutional magnitude, we note that this kind of argument is available under § 2255 but not, as we have already said, under that section of Rule 35(a) still available to Mr. Peltier. Mr. Peltier's time for pursuing relief under § 2255 has long since passed. Indeed, Mr. Peltier has twice availed himself of the opportunity to pursue § 2255 relief. *See Peltier*, 800 F.2d at 773; *Peltier v. Henman*, 997 F.2d 461, 463 (8th Cir. 1993).

We therefore affirm the district court's denial of Mr. Peltier's renewed Rule 35 motion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.