# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1298

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Edmundo R. Rosales, | * | [UNPUBLISHED] |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: October 18, 2004
Resubmitted: March 14, 2005
Filed: May 18, 2005

_____

Before MURPHY, HEANEY, and BEAM, Circuit Judges.

_____

PER CURIAM.

Edmundo Rosales pled guilty to one count of conspiracy to distribute cocaine. The district court[1] found him responsible for 12 kilograms of cocaine and 365 pounds of marijuana with a base offense level of 32, and it sentenced him to serve 121 months. Rosales appeals, arguing that the drug quantity was incorrectly determined and that he should have received a base offense level of 26. We affirm the judgment.

_____

[1]The Honorable Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri.

Rosales was charged with two counts of conspiracy to distribute cocaine. He entered into a plea agreement under which he agreed to plead guilty to the first count, and the government agreed in turn to dismiss the second count. The parties also reached agreement on some sentencing aspects. They agreed that the amount of cocaine for which Rosales was responsible was at least 500 grams and that his base offense level was at least 26. They also anticipated that Rosales would receive a three level reduction for acceptance of responsibility. He failed to appear on the date set for sentencing, however, and consequently lost credit for acceptance and received a two level enhancement for obstruction of justice. In the plea agreement Rosales also made a detailed waiver of his right to appeal his sentence.

In his plea agreement, Rosales "expressly waive[d] the right to appeal his sentence, directly or collaterally, on any ground except for an upward departure by the sentencing judge, a sentence in excess of the statutory maximum, or a sentence in violation of law apart from the Sentencing Guidelines." This waiver was far reaching, and Rosales also "agree[d] not to appeal or otherwise challenge the constitutionality or legality of the Sentencing Guidelines." Rosales nevertheless now seeks to argue on appeal that the district court erred in its sentencing findings and its application of the guidelines.

Rosales claims that the evidence connecting him to 11 kilograms of cocaine and 360 pounds of marijuana was unreliable and that those amounts should not have been attributed to him. By his calculation, he should have been found responsible for less than two kilograms of cocaine, for a base offense level of 26, and his sentencing range should have been 63-78 months. Since his appeal does not challenge any upward departure, a sentence above the statutory maximum, or a nonguideline error, we conclude it is covered by the waiver in his plea agreement.

When a defendant enters a waiver of appeal knowingly and voluntarily as Rosales concedes he did, the waiver will be enforced absent a miscarriage of justice.

United States v. Andis, 333 F.3d 886, 891 (8th Cir. 2003) (en banc). Rosales argues that the sentence he received is a miscarriage of justice because the district court's finding of drug quantity rested on "flimsy" evidence. We have recognized that the miscarriage of justice exception is "extremely narrow" and designed to correct sentences not authorized by the judgment of conviction or outside the statutory range. Id. at 892. There is no indication that a miscarriage of justice occurred in this case from the district court's weighing of the evidence presented at the sentencing hearing or its calculation of the amount of drugs for which Rosales was responsible.

We review the sentence imposed for unreasonableness, guided by the factors in 18 U.S.C. § 3553(a). United States v. Booker, 125 S. Ct. 738, 765-66 (2005); United States v. Killgo, 397 F.3d 628, 630 n.4 (8th Cir. 2005) (reviewing sentence for unreasonableness despite plea waiver that made Booker's Sixth Amendment holding inapplicable). We conclude that the sentence reflects "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), and that the inclusion of relevant conduct relates to the need to "protect the public from further crimes of the defendant," § 3553(a)(2)(C), and the need to "avoid unwarranted sentence disparities," § 3553(a)(6). See Killgo, 397 F.3d at 631 n.5.

We affirm the judgment of the district court and grant counsel's request to withdraw.[2]

---

[2]In an opinion issued on November 2, 2004, we affirmed the judgment of the district court but indicated that the mandate would not issue until after the Supreme Court released its opinions in United States v. Booker and United States v. Fanfan and thus denied counsel's request to withdraw. After the Court issued United States v. Booker, 125 S. Ct. 738 (2005), on January 12, 2005, counsel submitted supplemental briefing about Booker's effect on Rosales' case, which we considered before deciding our final disposition of the case.

HEANEY, Circuit Judge, concurring.

I concur fully in the majority's assessment that Edmundo Rosales's sentence is not an unreasonable one. I further agree that, based on our circuit precedent, Rosales's claim regarding the constitutionality of the guidelines is foreclosed by his plea agreement waiver of the right to appeal that issue. In United States v. Killgo, 397 F.3d 628, 629 n.2 (8th Cir. 2005), our court noted that a waiver of appellate rights in a plea agreement would preclude the defendant from raising a Booker[3] claim on appeal. I write separately to state my view that Killgo was not correctly decided.

As recognized by our court en banc in United States v. Andis, 333 F.3d 886, 891 (8th Cir. 2003), appellate waivers are not iron-clad; they are not binding where a miscarriage of justice would result from their enforcement. Andis and other circuit authority makes clear that one such instance of a miscarriage of justice is where a sentence is illegal, in that the sentence is beyond the maximum statutory penalty. Id. at 892 (citing United States v. Peltier, 312 F.3d 938, 942; United States v. Greatwalker, 285 F.3d 727, 729 (8th Cir. 2002)). Blakely v. Washington, 124 S. Ct. 2531, 2537 (2004), counsels that the statutory maximum is the sentence a court may impose based on admitted conduct or facts proven to a jury. Reading these cases together, Rosales's appellate argument that the court calculated the drug quantity attributable to him based on conduct that was not admitted is an argument that his sentence was beyond the statutory maximum and thus illegal. This is precisely the type of appeal that the Andis court held could be brought despite a waiver of appellate rights. Because Killgo remains the law of our circuit at this point, however, I concur in the majority's holding that Rosales cannot pursue a Booker claim because of his waiver.

_____

_____

[3]United States v. Booker, 125 S. Ct. 738 (2005).