HEANEY, Circuit Judge,
concurring.
I concur fully in the majority’s assessment that Edmundo Rosales’s sentence is not an unreasonable one. I further agree that, based on our circuit precedent, Rosales’s claim regarding the constitutionality of the guidelines is foreclosed by his plea agreement waiver of the right to appeal that issue. In United States v. Killgo, 397 F.3d 628, 629 n. 2 (8th Cir.2005), our court noted that a waiver of appellate rights in a plea agreement would preclude the defendant from raising a Booker[3] claim on appeal. I write separately to state my view that Killgo was not correctly decided.
As recognized by our court en banc in United States v. Andis, 333 F.3d 886, 891 (8th Cir.2003), appellate waivers are not iron-clad; they are not binding where a miscarriage of justice would result from their enforcement. Andis and other circuit authority makes clear that one such instance of a miscarriage of justice is where a sentence is illegal, in that the sentence is beyond the maximum statutory penalty. Id. at 892 (citing United States v. Peltier, 312 F.3d 938, 942; United States v. Greatwalker, 285 F.3d 727, 729 (8th Cir.2002)). Blakely v. Washington, 542 U.S. 296,-, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403 (2004), counsels that the statutory maximum is the sentence a court may impose based on admitted conduct or facts proven to a jury. Reading these cases together, Rosales’s appellate argument that the court calculated the drug quantity attributable to him based on conduct that was not admitted is an argument that his sentence was beyond the statutory maximum and thus illegal. This is precisely the type of appeal that the Andis court held could be brought despite a waiver of appellate rights. Because Killgo remains the law of our circuit at this point, however, I concur in the majority’s holding that Rosales cannot pursue a Booker claim because of his waiver.

. United States v. Booker, -U.S. -, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).